19724

The STATE, Respondent, v. Edwin Lee ALLEN, Appellant
(200 S. E. (2d) 684)

*Jesse M. Ray, Esq.,* of Greenville, *for Appellant,* cites:

*David H. Wilkins, Esq., Asst. Sol.,* of Greenville, *for Respondent,* cites:

Nov. 8, 1973.

Moss, Chief Justice:

Edwin Lee Allen, the appellant herein, appeared before Magistrate John S. Loftis, without counsel, on November 10, 1972, and entered a plea of guilty to a first offense of driving a motor vehicle while under the influence of drugs, in violation of Section 46-343 of the Code. He was sentenced to serve a term of thirty days or pay a fine of $100.

The appellant, with the assistance of retained counsel, did, on December 13, 1972 make a motion to vacate the sentence

imposed on the grounds set forth in his affidavit which were as follows: (1) that prior to entering his plea of guilty, the appellant was not informed of the maximum penalty he could receive under the law; (2) that the appellant was not clearly, plainly and unequivocally advised that as a result of his plea, his driver's license would be suspended for a period of six months; (3) that if deponent had known that his driver's license would be suspended, he would not have entered a plea but would have demanded a jury trial; and (4) that he was not properly advised of his right to counsel.

The testimony was taken by the magistrate on the questions raised by the motion to vacate the sentence. Thereafter, the motion was denied and an appeal was taken to the Greenville County Court which sustained the ruling of the magistrate in refusing to vacate the sentence. This appeal followed.

It appears that when the appellant came before Magistrate John S. Loftis the charge of driving a motor vehicle while under the influence of drugs was read to him. He was advised by the magistrate that he had a right to an attorney and the right to a trial before the magistrate or a jury. The appellant stated that he did not want an attorney. The magistrate advised the appellant that if he entered a plea of guilty or if he was found guilty, the sentence would be a fine of $100 or thirty days in jail and, in addition to this, he would lose his driver's license for a period of six months. The magistrate asked the appellant if he wanted to plead guilty and he answered this in the affirmative. He was also asked if he was pleading guilty freely and voluntarily, to which he gave an affirmative answer. The appellant thereupon entered a plea of guilty and was sentenced as is hereinbefore stated.

There is also the testimony of the highway patrolman that he told the appellant that if he was found guilty or if he entered a plea of guilty to the offense with which he was charged, he would lose his driver's license for a period of six months.

The evidence presented upon the hearing of the motion to vacate the sentence imposed supports the finding of fact by the lower court that the appellant's plea of guilty was voluntarily, intelligently and understandingly entered, he being fully advised as to the consequences of such plea, and such finding of fact is binding upon this Court. *Vickery v. State,* 258 S. C. 33, 186 S. E. (2d) 827.

The appellant argues that the magistrate erred in not determining that there was a factual basis to support the charge of driving a motor vehicle while under the influence of drugs. There is no merit in this position. Where a defendant voluntarily, intelligently and understandingly enters a plea of guilty, this makes it unnecessary for the State to offer evidence to prove the offense charged in the warrant or indictment. A plea of guilty is an admission or confession of guilt, and is as conclusive as the verdict of a jury; it admits all matter of fact averments of the accusation. *State v. Fuller,* 254 S. C. 260, 174 S. E. (2d) 774.

The appellant complains that the trial officer did not read to him the sections of the Code applicable to the charge made against him. We know of no rule that requires this to be done. The record shows affirmatively that the appellant was advised of the charge against him and the consequences of the plea of guilty thereto.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.