THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charleston
 County Department of Social Services, Respondent,
 v.
 Serena B. and
 Gerald B. Defendants,
 Of Whom Gerald
 B. is the Appellant.
 In the interests of three minor children.
 
 
 

Appeal From Charleston County
Jeffrey Young, Family Court Judge

Unpublished Opinion No.  2008-UP-606
 Submitted November 3, 2008  Filed
November 6, 2008

AFFIRMED

 
 
 
 Stanley C.
 Rodgers, of Charleston, for Appellant.
 Frampton Durban Jr., of North Charleston, for Respondent.
 Suzanne E. Groff, Guardian Ad Litem. of Charleston.
 
 
 

PER CURIAM:  Gerald
 B. appeals from the family courts order finding the pendency of his
 application for post-conviction relief does not authorize him to attack the
 facts underlying the offenses to which he pled guilty.  We affirm pursuant to
 Rule 220(b), SCACR, and the following authorities: Doe v. Doe,
 346 S.C. 145, 149, 551 S.E.2d 257, 259 (2001) (stating the burden of proof in a
 criminal proceeding is much higher than the burden of proof in a civil
 proceeding); State v. Allen, 261 S.C. 448, 451, 200 S.E.2d 684, 686 (1973)
 (asserting a plea of guilty is an admission of guilt that is as
 conclusive as the verdict of a jury); S.C. Code Ann. § 23-3-430 (Supp. 2007)[1] (requiring any person residing in
 South Carolina, who pleads guilty to specified criminal sexual offenses, to
 register as a sexual offender); S.C. Code Ann. § 20-7-490(2)(b) (Supp. 2007)[2] (Child
 abuse or neglect, or harm occurs when the parent, guardian, or other person
 responsible for the childs welfare . . . engages in acts or omissions that present a
 substantial risk that a sexual offense as defined in the laws of this State
 would be committed against the child . . . .); S.C. Code Ann. § 20-7-650(L)(1) (Supp. 2007)[3] (requiring the court to enter a persons name in the Central Registry of Child Abuse
 and Neglect when it finds by a preponderance of evidence that the person
 physically or sexually abused a child). 
AFFIRMED.[4] 
HEARN,
C.J., SHORT and KONDUROS, JJ., concur.

[1]Amended by Act No. 335, 2008 S.C. Acts 3311,
 which added provisions to address registration requirements for pardoned sex
offenders. 
[2]Repealed by Act No. 361, 2008 S.C. Acts 3623,
 which created Title 63 and transferred provisions from Chapter 7, Title 20 to
Title 63.  
[3]Repealed by Act No. 361, 2008 S.C. Acts
 3623, which created Title 63 and transferred provisions from Chapter 7, Title
20 to Title 63. 
[4]We decide this case without oral argument pursuant to
Rule 215, SCACR.