20994

Alexander C. MOORHEAD, Appellant, v. FIRST PIEDMONT BANK AND TRUST COMPANY, Respondent.

(256 S. E. (2d) 414)

*J. Kendall Few,* Greenville, *for appellant.*

*B. O. Thomason, Jr., Mason A. Goldsmith* and *Carroll H. Roe, Jr.,* Greenville, *for respondent.*

June 25, 1979.

LEWIS, Chief Justice:

This action for damages resulted in an order by the trial judge directing a verdict in favor of defendant (respondent). Appeal is from that order. We affirm.

Appellant (plaintiff) Moorhead was a customer of respondent, First Piedmont Bank and Trust Company, and this action arose out of alleged dealings relative to loan transactions between the parties. Appellant claims that respondent, acting through its President, Philip Hungerford, fraudulently induced him to purchase a worthless paper title to nine thousand (9000) acres of supposedly valuable coal-producing land in Grundy County, Tennessee, from Southeastern Exploration and Development Company, another customer of respondent Bank, knowing that Southeastern's title to the land was defective and the mineral rights had been reserved to another party.

Although appellant's complaint contained seven (7) separate causes of action, only five were left at the conclusion of the testimony for consideration: (1) Fraud; (2) Breach of fiduciary relations; (3) Coercion and duress; (4) Violation of the Usury statute; and (5) Violation of banking statutes and regulations. The trial judge directed a verdict for respondent on all issues, and appellant argues his appeal therefrom under nine (9) questions. The grounds of appeal involve, for the most part, the sufficiency of the facts to require submission of the case to the jury and the admissibility of testimony. We find it unnecessary to discuss the evidentiary questions since, in our view, the record so overwhelmingly sustains the action of the trial judge in granting the directed verdict as to render any evidentiary rulings harmless, even if erroneous.

The first business transactions between appellant and respondent apparently took place in January 1973, when appellant agreed to personally endorse a delinquent obligation of Carolina Color, Inc., one of several corporations with which appellant was connected. Thereafter, over the next eighteen (18) months, respondent made several secured and unsecured loans to appellant totaling $195,000.00. By the Summer of 1974, appellant's loans with respondent were delinquent and respondent's President, Hungerford, began monitoring appellant's repayment progress as well as the collateralization of his obligations.

Thereafter, on September 24, 1974, Southeastern Exploration and Development Company conveyed to appellant a 9000 acre tract of land located in Tennessee, which was in turn pledged to respondent as security for a note in the amount of $645,000.00 representing the prior indebtedness of appellant in the amount of $195,000.00 and $450,000.00 representing the debt owed to Southeastern Exploration and Development Company for the purchase of the 9,000 acre tract. The circumstances surrounding the acquisition by appellant of title to the 9,000 acre tract are involved in this action.

Appellant asserts that he was fraudulently induced by respondent, through its president, into purchasing title to 9,000 acres of worthless property for $450,000.00 which, in turn, was used as collateral for his outstanding notes. He maintains that respondent's purpose in this transaction was to make it appear to the bank examiners that appellant's pre-existing indebtedness was adequately collateralized.

In order to recover upon the grounds of actual fraud based on representation, the following elements must be shown: (1) a representation; (2) falsity; (3) its materiality; (4) knowledge of the falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance upon the truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *O'Shields v. Southern Fountain Mobile Homes*, 262 S. C. 276, 204 S. E. (2d) 50.

Essentially, appellant contends that the president of the respondent Bank fraudulently represented that (1) the 9,000 acre tract of land purchased by appellant from Southeastern Exploration and Development Company was valuable coal land; (2) the land had an appraised value of $100.00 per acre; and (3) clear title would be protected by a title insurance policy obtained by respondent with the premium being paid out of the loan.

Appellant's attempts to prove the required elements of fraud fail due to the absence of proof of (1) his ignorance of the falsity of the alleged statement and (2) his reliance on the truth thereof. The record is replete with evidence of appellant's knowledge of the title and value of the real estate involved, from his extensive dealings with Tennessee real estate and from the recitals in the documentary evidence, of which appellant is legally charged with notice. The trial judge, therefore, properly held that the proof failed, as a matter of law, to establish fraud.

The proof also fails to present any issue for a jury's determination under any of the other asserted causes of action. The record clearly shows that the relationship between the parties was that of debtor and creditor, with respondent only attempting to collect a past due debt. There is no evidence from which a jury could calculate the interest charged or paid; therefore, no basis for submission to the jury of a claim under the Usury statute. Lastly appellant fails to show how, even if the claimed violations of the banking laws existed, such could relieve him of his obligations to respondent.

The last question concerns the ground upon which the trial judge allegedly based his order granting a directed verdict. At the conclusion of respondent's case, the trial judge directed a verdict for respondent, stating:

. . . I am going to direct a verdict as to all allegations in favor of the defendant at this time . . . in viewing the case as I've seen it as the thirteenth juror I am not going to submit it to the jury.

Appellant contends that the trial judge did not have the authority to direct a verdict "as the thirteenth juror." We have concluded that the verdict in favor of respondent was properly granted. Assuming that the trial judge had no authority to direct a verdict *as the thirteenth juror,* "No principle in the disposition of appeals is more firmly established then that a right decision upon a wrong ground will be affirmed." *Foster v. Taylor,* 210 S. C. 324, 42 S. E. (2d) 531. The principle was stated in *Kunkle v. S. C. Electric & Gas Co.,* 251 S. C. 138, 161 S. E. (2d) 163, that this court may affirm upon any ground appearing in the record. The judgment is accordingly affirmed, irrespective of the ground stated by the trial judge.

Judgment affirmed.

RHODES, J., and JOSEPH R. MOSS and JOHN GRIMBALL, Acting Associate Justices, concur.