**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

COLLINS ENTERTAINMENT
CORPORATION, formerly known as
Collins Music Company, Inc.;
COLLINS GAMES OF MISSISSIPPI,
INCORPORATED,
Plaintiffs-Appellants,

v.

INFINATIONAL TECHNOLOGIES,

No. 96-2802

INCORPORATED,
Defendant-Appellee,

and

INTERNATIONAL GAMECO,
INCORPORATED, formerly known as
Infinational Technologies,
Incorporated,
Defendant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CA-96-343-6-3)

Argued: October 2, 1997

Decided: May 4, 1998

Before WIDENER, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Robinson Gilreath, JAMES R. GILREATH, P.A., Greenville, South Carolina, for Appellants. Nathaniel Heyward Clarkson, III, CLARKSON, FORTSON, WALSH & RHENEY, P.A., Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The plaintiff, Collins Entertainment Corporation, sued the defendant, Infinational Technologies, Inc., in the United States District Court for the District of South Carolina under South Carolina's version of the Uniform Commercial Code (U.C.C.) and on various tort and contract grounds. The jury returned a verdict in favor of the defendant. The plaintiff appeals the district court's grant of a directed verdict in favor of the defendant as to claims of negligence, fraud, constructive fraud and negligent misrepresentation. In addition, the plaintiff appeals the district court's denial of motions for judgment notwithstanding the verdict and for a new trial. We affirm.

The parties agree that the plaintiff, a seller and lessor of gaming equipment, entered into an agreement with the defendant, a manufacturer of gaming equipment, to purchase electronic pulltab networks, which are gambling slot machines used by charities to raise money. A player competes against other players instead of merely against the machines. The networks consisted of Master Deal Distributors that controlled the activity of Electronic Pulltab Game Machines that individuals played. An Electronic Pulltab Game Center at the defendant's headquarters downloaded games electronically to the Distributor.

On August 18, 1992, the plaintiff ordered 20 Machines and five Distributors from the defendant. The plaintiff received 20 Machines

2

and one Distributor and made payment thereon. More than one year later, the plaintiff returned the Machines and the Distributor. The defendant did not return the purchase price, and the plaintiff sued for a return thereof plus additional damages.

The district court granted the defendant's motion for a directed verdict on the claims of negligent fraud, constructive fraud, negligence, misrepresentation (punitive damages) and comparative negligence. The district court submitted the claims under the U.C.C. and contract law to the jury, and the jury returned a verdict in favor of the defendant upon which judgment was entered. Plaintiff moved for judgment notwithstanding the verdict or for a new trial, but the district court denied these motions. Plaintiff filed a timely appeal.

Jurisdiction in this court is proper under 28 U.S.C.§ 1291. We review the grant of the directed verdict de novo . Parker v. Prudential Ins. Co. of America, 900 F.2d 772, 776 (4th Cir. 1996). In reviewing the denial of the motion for judgment notwithstanding the verdict, we view the evidence in the light most favorable to the non-moving party to determine if there is substantial evidence in the record to support the verdict. Brady v. Allstate Ins. Co., 683 F.2d 86, 89 (4th Cir. 1982). We review the denial of the motion for a new trial for abuse of discretion. Abasiekong v. City of Shelby, 744 F.2d 1055, 1059 (4th Cir. 1984).

To grant such a motion for a directed verdict, the court must construe the evidence in the light most favorable to the non-moving party and conclude that there is no substantial evidence supporting liability. Garraghty v. Jordan, 830 F.2d 1295, 1302 (4th Cir. 1987). Plaintiff claims that the district court improperly granted a directed verdict in favor of the defendant with regard to the claims of negligence, fraud, constructive fraud and negligent misrepresentation.*

Under South Carolina law, fraud, constructive fraud and negligent misrepresentation require a showing of a false representation. Moorhead v. First Piedmont Bank & Trust Co., 256 S.E.2d 414, 415 (S.C. 1979) (outlining elements of fraud); Greene v. Browne, 19

_____

*As phrased in plaintiffs' brief, p. 17, a difference of phrasing of no consequence from the transcript, A. 217.

3

S.E.2d 114, 116 (S.C. 1942) (outlining elements of constructive fraud); AMA Management Corp. v. Straburger, 420 S.E.2d 868, 873-74 (S.C. Ct. App. 1992) (outlining elements of negligent misrepresentation). "Where the cause of action is predicated on an alleged breach, or even negligent breach, of a contract between the parties, an action in tort will not lie." Foxfire Village, Inc. v. Black & Vetach, Inc., 404 S.E.2d 912, 917 (S.C. Ct. App. 1991). Because fraud, constructive fraud, negligence and negligent misrepresentation are all causes of action in tort, they do not lie in this contract dispute and the district court correctly did not send them to the jury.

A district court may properly grant judgment notwithstanding the verdict "[w]hen the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict." Brady v. S. Ry. Co., 320 U.S. 476, 479-80 (1943). Conversely, when the evidence permits multiple reasonable conclusions, the district court must permit the finder of fact to speak and deny a motion for judgment notwithstanding the verdict.

The plaintiff presented evidence at trial that it had not accepted the goods. Nevertheless, the defendant presented evidence to support a contrary conclusion. The defendant presented evidence that the individual Machines were received and made operational and that the Distributors were not sent because the plaintiff failed, after the State of Mississippi approved the machines, to provide the information required for programming the unit before shipment.

The plaintiff claimed in the alternative that even if it had accepted the goods, it properly rejected or revoked their acceptance by returning to the defendant the Machines and the Distributor that it had received. The defendant presented evidence that the goods were not returned until more than one year after their original shipment and that it was holding the goods for the plaintiff. In addition, the defendant presented testimony that alleged phone conversations in which the plaintiff contended it registered complaints about the machines either did not or could not have occurred.

In light of the conflicting evidence, the facts are susceptible to more than one interpretation. The jury rejected the plaintiff's contentions. Viewing the evidence in the light most favorable to the defen-

4

dant, there is substantial evidence in the record to support the jury verdict. Therefore, we are of opinion that the district court properly denied the plaintiff's motion for judgment notwithstanding the verdict.

The district court has discretion to grant or deny a new trial. Bristol Steel & Iron Works v. Bethlehem Steel Corp., 41 F.3d 182, 186 (4th Cir. 1994). We have previously observed that the district court's decision "is not reviewable upon appeal, save in the most exceptional circumstances." Aetna Cas. & Sur. Co. v. Yeatts , 122 F.2d 350, 354 (4th Cir. 1941).

Plaintiff claims that the district court abused its discretion because the verdict was against the clear weight of the evidence, and the jury failed to follow the court's instructions. As previously discussed, we are of opinion that the jury's verdict was not against the clear weight of the evidence because the evidence was susceptible to more than one reasonable interpretation. In addition, mere questioning by the jury about why someone did not testify does not necessarily indicate that the absence of such testimony was improperly considered by the jury in contravention of the district court's instructions. When the jury asked the court why a particular employee of the defendant did not testify, the court responded, without objection, that she was not called as a witness. There is no evidence that the jury made any inference, for or against either side, from the witness not testifying.

Neither of these alleged defects were "so grievous as to have rendered the trial unfair." DMI, Inc. v. Deere & Co., 802 F.2d 421, 427 (Fed. Cir. 1986). Accordingly, we conclude that the district court did not abuse its discretion in denying a new trial.

The judgment of the district court is accordingly

AFFIRMED.

5