THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Willie Ladson, Appellant,
 v.
 South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal From Administrative Law Court
Carolyn C. Matthews, Administrative Law
 Judge
Unpublished Opinion No. 2010-UP-258
Submitted April 1, 2010  Filed April 23,
 2010    
AFFIRMED AS MODIFIED

 
 
 
 Willie Ladson, pro se, for Appellant.
 Robert Wesley Jacobs, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Willie Ladson appeals the Administrative
 Law Court's (ALC's) affirmance of the Department of Corrections's (the
 Department's) denial of Ladson's grievance seeking back wages for work
 performed for the Department's prison industries program.  Ladson argues (1)
 the ALC erred in finding he failed to timely file his prison grievance, and (2)
 the ALC's dismissal of his prison grievance violated his right to due process.  We affirm as modified.[1]          
As
 to Ladson's argument that the ALC erred in finding he failed to timely file his
 prison grievance, review of the record reflects that Ladson did not suffer any
 loss from the Department's denial of his grievance.  After filing his
 grievance, Ladson received what he requested: the Department clearly
 acknowledged in its replies to Ladson's grievances that "[the Department] may
 very well owe [him] back wages" and indicated it was reviewing the pay
 records to confirm the exact amount to award Ladson.  Accordingly, we affirm on
 the ground that Ladson was not prejudiced by the Department's response to his
 grievance because it neither granted nor denied the relief he sought.  SCACR
 220(c) ("The appellate court may affirm any ruling, order, decision, or
 judgment upon any ground(s) appearing in the Record on Appeal."); Moorhead
 v. First Piedmont Bank and Trust Co., 273 S.C. 356, 360, 256 S.E.2d 414,
 416 (1979) ("[T]his court may affirm upon any ground appearing in the
 record . . . irrespective of the ground stated by the trial judge."); S.C.
 Code Ann. § 1-23-380 (Supp. 2009)[2] (emphasis added) ("A party who has exhausted all administrative remedies
 available within the agency and who is aggrieved by a final decision in
 a contested case is entitled to judicial review.").  If Ladson becomes
 aggrieved by a final decision in his case, he will be entitled to judicial
 review.
As
 to Ladson's contention that the ALC's ruling violated his right to due process,
 Ladson was provided the opportunity to pursue his prison grievance through the
 prison's internal proceedings, an appeal to the ALC, and an appeal to this
 court.  Accordingly, Ladson has been afforded his due process rights.  See Al-Shabazz v. State, 338 S.C. 354, 373, 527 S.E.2d 742, 752 (2000) (holding
 the Department's disciplinary and grievance procedures comply with minimal due
 process requirements).
AFFIRMED AS
 MODIFIED.
HUFF,
 THOMAS, and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2]  An inmate may seek judicial review of the
 Department's final decision in an administrative matter under the provisions
 for contested cases contained in the Administrative Procedures Act (APA).  See Al-Shabazz v. State, 338 S.C. 354, 369, 527 S.E.2d 742, 750 (2000).