708 S.E.2d 818

SOUTH CAROLINA DEPARTMENT OF LABOR, LICENSING, AND REGULATION, South Carolina Manufactured Housing Board, Appellant,

v.

Angela B. CHASTAIN, f/k/a Angela Brown, f/k/a Angela Brown–Neal, Respondent.

No. 4813.

Court of Appeals of South Carolina.

Heard Nov. 4, 2010.

Decided March 23, 2011.

Suzanne L. Hawkins, of Columbia, for Appellant.

William H. Edwards, of West Columbia, for Respondent.

KONDUROS, J.

The South Carolina Manufactured Housing Board[1] (the Board), filed suit to enjoin Angela Chastain from selling manufactured homes without a license in violation of a cease and desist order. The Board further requested Chastain be fined for the violations. The administrative law court (ALC) determined Chastain had not violated the cease and desist order and granted summary judgment in her favor. The Board appeals. We affirm the ALC's finding that Chastain did not violate the cease and desist order and vacate the portions of the ALC's order not necessary to our ruling.

## FACTS

Chastain held a license to sell manufactured homes until she surrendered it in 2002.[2] In 2003, the Board became aware Chastain might still be involved in the sale of manufactured homes and issued a cease and desist order prohibiting such conduct. In 2008, the Board brought this suit contending Chastain violated the cease and desist order in several respects. First, in 2006, Chastain purchased real property to which a manufactured home was attached. She sold that

---

1. The Board is a licensing board under the purview of the South Carolina Department of Labor, Licensing, and Regulation.

2. Chastain surrendered her license as part of an agreement to resolve pending federal criminal charges against her relating to the manufactured housing business.

property, including the detitled manufactured home, to Steven Hickerson in April 2007.[3] Also in 2006, Chastain purchased a manufactured home in MacGregor Downs Mobile Home Park. Her son lived in the home while attending Midlands Technical College. After her son vacated the residence, Chastain allowed the Russell family, who needed a place to stay, to reside in the home. Meanwhile, Chastain purchased another piece of real property that included a manufactured home with a retired title. Chastain eventually sold this property to the Russells. In October 2007, Chastain sold the MacGregor Downs home to another purchaser.

In 2008, two manufactured homes were offered for sale through the Manufactured Housing Global network internet site (MHG network) by "Chastain Builders." Chastain maintained she had not listed the homes for sale and testified it could have been her ex-husband who did so because he was familiar with how to create such listings. Finally, Chastain offered for sale in the Carolina Trader newspaper two pieces of property to which detitled manufactured homes were affixed.

Following a hearing, the ALC determined Chastain had not violated the cease and desist order because she had not engaged in the act of selling or offering for sale manufactured homes that fell within the parameters of the Uniform Standards Code for Manufactured Housing, sections 40–29–5 to – 380 of the South Carolina Code (Supp.2010) (the Code). The ALC concluded homes with a retired title did not fall within the purview of the governing statutes and regulations and federal law regarding the regulation of the sale of manufactured housing did not preempt state law with respect to the sale of used manufactured homes. The ALC declined to address Chastain's argument that the MacGregor Downs home involved the sale of a manufactured home acquired for personal use thereby bringing it within an exception under the Code. This appeal followed.

---

**3.** A manufactured home's title is similar to a vehicle's title until the home is affixed to real property. Then, the title is retired and the home is "detitled" and treated as real property. S.C.Code Ann. § 56–19–560 (Supp.2010).

## STANDARD OF REVIEW

The standard of review with respect to orders on appeal from the ALC is set forth in the Administrative Procedures Act, section 1–23–610 of the South Carolina Code (Supp.2010). This court may reverse or modify the decision of the ALC if its findings, conclusions, or decisions are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

§ 1–23–610(B). "The court may not substitute its judgment for the judgment of the administrative law judge as to the weight of the evidence on questions of fact." *Id.*

## LAW/ANALYSIS

■ Chastain urges the ALC's ruling should be affirmed on the ground that the MacGregor Downs home was acquired for her personal use as contemplated by Regulation 79–12(A)(3) of the South Carolina Code (Supp.2010). We agree.

■ A respondent "may raise on appeal any additional reasons the appellate court should affirm the lower court's ruling, even if those reasons have not been presented to or ruled on by the lower court." *I'On LLC v. Town of Mt. Pleasant,* 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000). "The appellate court may review respondent's additional reasons and, if convinced it is proper and fair to do so, rely on them or any other reason appearing in the record to affirm the lower court's judgment." *Id.* at 420, 526 S.E.2d at 723. "The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal." Rule 220(c), SCACR.

Under the Code, "[n]o person may engage in the business of selling, wholesale or retail, as a manufactured home retail dealer . . . without being licensed by the [B]oard." S.C.Code Ann. § 40–29–30(A) (Supp.2010). A " '[m]anufactured home retail dealer' means a person engaged in the business of

buying, selling, offering for sale, or dealing in manufactured homes or offering for display manufactured homes for sale in South Carolina." S.C.Code Ann. § 40–29–20(13) (Supp.2010). A person must buy, sell, offer or display for sale, or deal in *three or more manufactured homes in a twelve-month period* to be a "manufactured home retail dealer." *Id.*

The Board cites two twelve-month periods in which it alleges Chastain acted as a manufactured home retail dealer in violation of the cease and desist order. First, beginning in April 2007, Chastain sold a detitled manufactured home to Hickerson, a detitled manufactured home to Russell, and the MacGregor Downs manufactured home. In addition, the Board points to the sale of the MacGregor Downs home, the two listings on the MHG network, and the two advertisements in the Carolina Trader as violations of the cease and desist order during a twelve-month period beginning October 2007.

Regulation 79–12(A)(3) exempts from the licensing requirement "[p]ersons disposing of manufactured homes acquired for personal use, provided that said home is not used for the purpose of avoiding the provisions of this Act or Regulations." In this case, Chastain testified she purchased the MacGregor Downs home for her son to live in while attending Midlands Technical College "because it was right close to [the school]." She further testified her son lived in the home for "almost a year, maybe over a year" and she paid the electric bill. The Board did not dispute that Chastain's son resided in the home or for how long.

Although the term "personal use" is not defined in the Code, we are persuaded by Chastain's argument that the purchase of the manufactured home for her son to live in constitutes her acquisition of it for personal use. Furthermore, the Board presented no evidence demonstrating Chastain's initial acquisition of this home for her son's residence was an attempt to avoid the provision of the Code. This conclusion means Chastain's sale of the MacGregor Downs home is not included in the total number of sales under section 40–29–20(13). Therefore, she did not sell three or more manufactured homes in violation of the cease and desist order within the twelve-month period beginning April 2007.

In the second twelve-month period, beginning October 2007, two of the infractions cited by the Board were the

offering for sale of two homes on the MHG network. Howeverer, the ALC found the evidence was insufficient to establish Chastain had actually listed these homes. The Board does not appeal that finding by the ALC. An unappealed ruling is the law of the case. *Harris Teeter, Inc. v. Moore & Van Allen, PLLC,* 390 S.C. 275, 282 n. 5, 701 S.E.2d 742, 745 n. 5 (2010). Absent those sales, and excluding the sale of the MacGregor Downs home, the Board alleged only two additional violations: the offer for sale of two detitled manufactured homes in the Carolina Trader. Consequently, the Board has failed to establish Chastain sold or offered for sale three manufactured homes as contemplated by section 40–29–20(13) within the second twelve-month period beginning October 2007.

Based on the foregoing analysis, we affirm the ALC's ultimate ruling that the Board failed to establish Chastain violated the cease and desist order. We vacate the ALC's order insofar as it addresses the issue of whether a detitled manufactured homes is subject to the strictures of the Code. Therefore, the ruling of the ALC is

**AFFIRMED IN PART AND VACATED IN PART.**

HUFF and LOCKEMY, JJ., concur.