**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Anjay Patel, Mani Investments, LLC d/b/a Cornerstop Stores, and Mani One, Inc., Appellants,

v.

The Garrett Law Firm, PC, Carson M. Henderson, Billy J. Garrett, Jr., T. Scott Ward, One Stop Marina, Inc., Greenwood Realty, Inc., Renee Simchon, Defendants,

Of Whom The Garrett Law Firm, PC, Carson M. Henderson, Billy J. Garrett, Jr. are Respondents.

Appellate Case No. 2011-186586

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-287
Heard June 5, 2013 – Filed June 26, 2013

**AFFIRMED**

John Clifford Strickland, A Business Law Firm, and Thomas Alexander Belenchia, both of Spartanburg for Appellants.

R. Davis Howser, Howser Newman & Besley, LLC, of Columbia, and Andrew Elliott Haselden and Justin Paul Novak, Howser Newman & Besley, LLC, both of Charleston, for Respondents.

---

**PER CURIAM:** Anjay Patel, Mani Investments, LLC, and Mani One, Inc. (collectively "the Appellants") appeal the circuit court's order granting summary judgment on their legal malpractice claim in favor of The Garrett Law Firm, PC, Carson M. Henderson, and Billy J. Garrett Jr. (collectively, "the Respondents").

To the extent the Appellants argue the Respondents proximately caused their damages by negligently drafting the lease and option contracts, we find the doctrine of collateral estoppel bars them from relitigating this issue. In the previous lawsuit, Mani Investments claimed its damages were proximately caused by the seller's breach of contract and the Respondents' negligent drafting of the contracts. An order dismissed the breach of contract claim against the seller because the court found Mani Investments' damages were caused by its failure to exercise the option. Because the order dismissing that claim is final and decided the issue of what caused the Appellants' damages, the Appellants cannot relitigate the issue of proximate causation in their malpractice claim against the Respondents. *See Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009) (stating collateral estoppel prevents relitigation of an issue when it was "(1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment"); *Carolina Renewal*, 385 S.C. at 556, 684 S.E.2d at 783 (stating collateral estoppel applies "regardless of whether . . . the causes of action in successive lawsuits are the same"). Moreover, because Patel co-owned both Mani Investments and Mani One, Patel had every opportunity to litigate the causation issue both on his own behalf and on behalf of Mani One in the previous lawsuit. *See Snavely v. AMISUB of S.C., Inc.*, 379 S.C. 386, 398, 665 S.E.2d 222, 228 (Ct. App. 2008) (holding mutuality of parties is not required when the party to be estopped "had a full and fair opportunity to previously litigate the issues"). Therefore, we affirm the circuit court's granting of summary judgment because the Appellants are barred from establishing the proximate cause element of their malpractice claim. *See Gauld v. O'Shaugnessy Realty Co.*, 380 S.C. 548, 559, 671 S.E.2d 79, 85 (Ct. App. 2008) (stating summary judgment is appropriate when the non-moving party fails to establish an element of its case); *Rydde v. Morris*, 381

S.C. 643, 646, 675 S.E.2d 431, 433 (2009) (stating proximate cause is an element in a legal malpractice claim).

To the extent the Appellants claim the Respondents breached a duty by not drafting an owner finance agreement, we find the Appellants produced no evidence to support this claim. At oral argument, Appellants' counsel relied on the commercial purchase agreement and its expert's affidavit as evidence that the Respondents breached a duty to the Appellants by drafting a lease with option contract. First, the commercial purchase agreement gave the Respondents the option to draft an "owner finance agreement" or "lease with option agreement, whichever document [the bank] will approve," and the record fails to show whether the bank approved financing for a purchase. There is also no evidence the Appellants told the Respondents they wanted, or even expected, an owner finance agreement. Second, the expert's affidavit does not support the idea that the Respondents breached a duty by drafting a lease with option agreement. Thus, we affirm the court's granting of summary judgment because the Appellants cannot establish a genuine issue of fact exists as to the element of breach of duty. *See S.C. Dep't of Labor, Licensing, & Regulation v. Chastain*, 392 S.C. 259, 262, 708 S.E.2d 818, 820 (Ct. App. 2011) (stating an appellate court may affirm a ruling for any grounds appearing in the record); *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (stating to withstand a motion for summary judgment, the non-moving party must submit a mere scintilla of evidence that shows a genuine issue exists for trial); *Gauld*, 380 S.C. at 559, 671 S.E.2d at 85 (stating summary judgment is appropriate when the non-moving party fails to establish an element of its case); *Rydde*, 381 S.C. at 646, 675 S.E.2d at 433 (stating breach of duty is an element in a legal malpractice claim).

Because we affirm on the basis that the Appellants cannot establish the elements of proximate cause and breach of duty, we do not address the Appellants' other arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when disposition of a prior issue is dispositive).

To the extent the Appellants still pursue their theories of equitable recovery, we find summary judgment was appropriate because the Appellants' equitable claims are based solely on their contractual relationship with the seller and are thus irrelevant to the Appellants' malpractice claim against the Respondents.

For the reasons stated above, the circuit court's granting of summary judgment is **AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**