20154

Larry M. ROSS, Appellant, v. COLUMBIA NEWSPAPERS, INC., Respondent.

(221 S. E. (2d) 770)

*S. Tucker McCravy, Esq.,* of Columbia, *for Appellant,*

*Messrs. Robinson, McFadden, Moore & Pope,* of Columbia, *for Respondent,*

January 22, 1976.

LITTLEJOHN, Justice.

Plaintiff brought this action for libel against defendant Columbia Newspapers, alleging that two articles appearing in defendant's newspaper falsely imputed the commission of a crime to him. At the conclusion of all the evidence, the trial judge directed a verdict for defendant. Plaintiff has appealed. We affirm the lower court.

Plaintiff alleged that the two articles published by defendant on September 20 and 21, 1971, were libelous per se, in that they falsely stated that he was being held by police, had been charged with assault and battery with intent to kill, was arrested on the scene, and that he was questioned in connection with his wife's death. Plaintiff further alleged that defendant, by exercising reasonable care, could have determined that these facts were untrue.

Defendant asserted the defenses of truth and qualified privilege.

The evidence disclosed that plaintiff shot his wife in the chest with a pistol early in the morning of September 19, 1971. He called the police and requested an ambulance. A patrolman arrived, followed by the ambulance personnel. The patrolman testified that he had to talk plaintiff into giving up the pistol, although plaintiff stated that the patrolman took the pistol from a desk. The patrolman also testified, as did a detective who arrived shortly after him, that plaintiff was definitely arrested and that he was charged with assault and battery with intent to kill. Specifically, the detective testified that he sent plaintiff to headquarters in a paddy wagon with directions to the driver to charge him

with "ABIK." The detective further testified that when he returned to headquarters, he filled out an offense report listing plaintiff as the person arrested and the offense as ABIK. Further, plaintiff was fingerprinted, placed in a cell block, and an arrest record was made up. The arrest record shows the charge against plaintiff as "Inv. Con. ABIK."

Plaintiff is a paraplegic. A police captain testified that he talked with plaintiff about 8 a.m. on the morning of September 19, 1971, concluded that there were no facilities at the jail to care for him and, after talking with plaintiff's Veterans Administration counselor, released plaintiff on his own recognizance.

A warrant was never issued charging plaintiff with a crime, nor did his wife place charges when she recovered and was released from the hospital.

A reporter for defendant prepared the first article, published on September 20, 1971, from a copy of the offense report which, according to standard police procedures, is made available in the detective division to news reporters.

This article reads as follows:

"WOMAN IS SHOT; HUSBAND HELD IN INCIDENT

"A Columbia woman was shot and wounded early Sunday morning and her husband has been charged in connection with the incident.

"Columbia Police said Larry Ross of the 3600 block of Ardencaple road has been charged with assault and battery with intent to kill.

"Ross's wife, Carol Lynn, was shot once in the right chest with a .22 rifle.

"Police were called to the scene about 2:30 a.m. Sunday to the hallway of the Ross home where the shooting occurred."

This reporter prepared a second article, published on September 21, 1971, based on the same offense report, a conversation with a police officer and a telephone call to the hospital, where plaintiff's wife was being cared for. The second article reads as follows:

"MAN QUESTIONED IN WIFE'S DEATH RELEASED FROM JAIL

"A Columbia man held for questioning in connection with the shooting of his wife has been released from jail. No formal charges have been placed against Larry Ross at this time.

"Ross, of the 3600 block of Ardincaple road, was arrested on the scene and put in the Columbia City Jail early Sunday morning and later released.

"The docket in the City Recorder's office lists the charge against Ross as 'investigation in connection with assault and battery with intent to kill.'

"No formal charges have been placed against Ross at this time.

"Ross's wife, Carol Lynn, was shot once in the right chest with a .22 rifle and she was admitted to Columbia Hospital. She was reported in serious condition this morning in the intensive care unit."

The reporter testified that headlines for articles are written by copy editors and, although the headline for the second article states that the wife was dead, he had no knowledge of who wrote the headline or why it stated that the wife was dead.

At the close of all evidence, the trial judge directed a verdict for defendant, ruling that the evidence was clear that plaintiff was arrested and charged as alleged in the articles.

On appeal, plaintiff asserts as error the trial judge's determination that the articles were clearly not false or defama-

tory, and also asserts that defendant was not qualifiedly privileged to print the contents of the offense report or, if it was, it exceeded this privilege.

■■ Since we agree with the trial judge's determination that the articles were clearly not false or defamatory, we need not reach the question of qualified privilege.

The truth of the matter published is, of course, a complete defense to an action based on defamation, 50 Am. Jur. (2d) *Libel and Slander* § 179 (1970). And, we have held that a sufficient defense is made out where the evidence establishes that the statement was substantially true. *Dauterman v. State-Record Co.,* 249 S. C. 512, 154 S. E. (2d) 919 (1967).

In the instant case, the evidence is susceptible of no reasonable inference other than that plaintiff was arrested and charged with assault and battery with intent to kill, by the police. Both police officers, who were at the scene shortly after the incident, testified to this effect. The detective, who filed the offense report, explained that police procedure in cases of this type was to leave formal charges pending until the outcome of the victim's condition was known. If the victim died, the charge would be changed to murder, and the arresting officer would sign the warrant. If the victim lived, it would be up to her to sign the warrant for the crime charged. The fact that no warrant had been executed during the time period when the articles were written, does not mean that plaintiff was neither arrested nor charged as the terms were used in the articles. To require such a strict adherence to legal terminology from the news media, we think, would be unreasonable. It is inescapable that the police made the arrest and charge, but were unable to pursue the matter because the only witness to the shooting did not choose to prosecute the case.

■■ We are also of the opinion that the obvious error in the headline of the second article, although untrue, was not actionable.

As a general rule, both the headline and the article following it must be considered as one document in determining whether it is defamatory. *Jones v. Garner,* 250 S. C. 479, 158 S. E. (2d) 909 (1969), 50 Am. Jur. (2d) *supra* § 142. The headline of the second article did not identify plaintiff or his wife and was rendered innocuous by the last sentence of the article, which states that plaintiff's wife was in serious condition in the intensive care unit.

Considering all the evidence in a light most favorable to plaintiff, as we must do, the only reasonable inference is that plaintiff has failed to make out his case against the defendant and it was the duty of the trial judge to direct a verdict for defendant.

Accordingly, the ruling of the lower court is

Affirmed.

LEWIS, C. J., NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.