14 F.3d 593
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joyce BLANCHETT; Glenda Greatorex; Debbie McCutcheon,
Plaintiffs-Appellants,
v.
WAL-MART STORES, INCORPORATED, Defendant-Appellee.
 No. 93-1530.
 United States Court of Appeals, Fourth Circuit.
 Oct. 25, 1993.
Jan. 12, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., District Judge. (CA-92-813-8-20)
 Hal Jerome Warlick, Warlick Law Office, Easley, South Carolina, for Appellant.
 David Michael Yokel, MITCHELL, BOUTON, YOKEL & MCCALL, Greenville, South Carolina, for Appellee.
 Rebecca R. Wray, MITCHELL, BOUTON, YOKEL & MCCALL, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and HALL, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Joyce Blanchett, Debbie McCutcheon, and Glenda Greatorex appeal the district court's grant of summary judgment in this diversity action alleging defamation by agents of Wal-Mart Stores, Inc. The district court held that res judicata barred the appellants' claims, or alternatively, that there was no genuine issue of fact because the allegedly defamatory statements were true. We affirm on the latter ground.
 
 I.
 
 2
 The appellants were all employees of the Greenwood, South Carolina Wal-Mart. On August 24, 1990, they were interviewed by Richard Edwards, Wal-Mart's District Supervisor for Loss Prevention. All worked in the store's snack bar, and each appellant signed a handwritten statement admitting that she had, from time to time, consumed food and drink from the snack bar without paying for it.[1] The Wal-Mart Food Service Operations Manual, copies of which the appellants admitted receiving and reading, prohibited such employee "grazing." As a result of the Loss Prevention unit's investigation, a number of employees at the Greenwood store were fired, including the appellants.
 
 
 3
 Store Manager Larry Lollis assembled the store personnel shortly thereafter to inform them of the firings. According to the appellants, Lollis said that the fired employees had been grazing, which he explained was the same as stealing. During the next several months, the remaining sales associates typically responded to customer inquiries regarding the absence of the appellants by stating that the three had been "fired for stealing." In addition, the appellants allege that store management responded to inquiries from the state unemployment office by stating that "what [the appellants] did is considered theft," and that "it was the same as taking a coat off the hanger and walking out without paying for it."
 
 
 4
 The appellants filed suit in the district court in December 1990, alleging breach of their employment contract, fraud, wrongful discharge, and defamation. In September 1991, Wal-Mart moved for summary judgment, defending the defamation claim on the grounds that (1) any alleged defamatory statements were true, and (2) the original remarks made at the store meeting by supervisory personnel were subject to the qualified privilege accorded by South Carolina law to certain employer statements regarding employees' job performance. The appellants failed to respond, and the district court granted summary judgment to Wal-Mart on October 31, 1991. Immediately upon receiving the order, the appellants moved to vacate the summary judgment. The court, after a hearing, denied the motion.
 
 
 5
 The appellants then filed a new defamation action in state court, alleging as actionable several statements published but not discovered prior to the district court's entry of summary judgment in the earlier suit. The appellants also alleged as defamatory one statement about Greatorex that had been made after October 31, 1991. However, the substance of the "new" statements was identical to the old: the appellants had been fired for "stealing."
 
 
 6
 Wal-Mart removed the case to the same district court that had heard the previous matter, and once more moved for summary judgment. The district court again granted Wal-Mart's motion, holding that (1) any claims based on statements published before October 31, 1991, including those the appellants had failed to discover by that date, were barred by res judicata; (2) there was no evidence that any agent of Wal-Mart had made the alleged post-October 31 remark; and (3) all of the alleged defamatory statements were true.
 
 II.
 
 7
 Jurisdiction in this case is based on diversity of citizenship.[2] Therefore, we apply South Carolina's substantive defamation law, but apply federal law in reviewing whether the district court properly applied Fed.R.Civ.P. 56(c). See Hanna v. Plumer, 380 U.S. 460 (1965).
 
 
 8
 Rule 56(c) provides that summary judgment shall be "rendered forthwith" if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Manifest in the rule's language is the requirement that a dispute about a material fact be "genuine." A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this case, the major factual dispute between the parties is whether the allegedly defamatory remarks--that the appellants were "fired for stealing"--were true. In South Carolina, the truth of the matter published is a complete defense to an action based on defamation. See, e.g., Weir v. Citicorp Nat'l Services, Inc., 435 S.E.2d 864, 867 (S.C.1993); Ross v. Columbia Newspapers, Inc., 221 S.E.2d 770, 772 (S.C.1976). The defense is sufficiently made where the evidence establishes that the statement was substantially true. Ross, 221 S.E.2d at 772 (citing Dauterman v. State-Record Co., 154 S.E.2d 919 (1967).
 
 
 9
 Therefore, under Anderson, if no reasonable jury could find that the allegedly defamatory remarks were not substantially true, then the district court was constrained to enter summary judgment for Wal-Mart. Reviewing the district court's grant of summary judgment de novo, Farwell v. Un, 902 F.2d 282, 287 (4th Cir.1990), we hold that it indeed had no choice.
 
 
 10
 It is unquestionable that the word "stealing" has a powerfully negative connotation. The appellants prefer to characterize their actions as "sampling," "tasting," or even "grazing" (which has an unpleasant connotation of its own). There can be little debate that what the appellants admitted to taking had a minimal monetary value, or that Wal-Mart's response was rather draconian. Still, we doubt that the appellants are proud of what they did. The district court stated that "we have discussed ... whether, in the general usage of the term[ ] ... stealing ... is a proper designation in common parlance. Obviously, when you take something, without authorization, belonging to another party with the intent to deprive that party of its use, that could be defined as stealing." We entirely agree. The complained-of remarks were substantially true, and no reasonable jury could find otherwise.
 
 
 11
 The appellants brought this suit alleging that Wal-Mart defamed them by, in essence, saying "to-may-toe." Wal-Mart defended on the ground that it instead said, if anything, "to-mah-toe." We affirm the district court's decision to call the whole thing off.[3]
 
 
 
 [1]
 Blanchett stated that she may have, over time, drunk less than five dollars worth of coffee without paying; McCutcheon noted that she had consumed, but not paid for, a "sausage dog" ordered but later refused by a customer, a few pieces of popcorn, and a chip with cheese; Greatorex said that she had likewise, without paying, occasionally eaten a few nachos or some popcorn, or perhaps an "old weenie," totalling less than five dollars
 
 
 [2]
 During its oral disposition of Wal-Mart's motion for summary judgment, the district court stated that even if res judicata did not bar appellant Greatorex's claim based on the one allegedly defamatory statement made subsequent to the court's initial summary judgment disposition, that claim alone would not rise to the $50,000 amount in controversy requirement for federal jurisdiction. The appellants have taken that statement out of context, frivolously arguing that the district court somehow made a finding that it should not assert jurisdiction over this case at all, and therefore its adverse ruling on the merits is a nullity and the case should be returned to state court. Clearly the district court made no such finding; if it had, it would not have entered a summary judgment order
 The appellants also contend that Fed.R.Civ.P. 52(a) and Fed.R.Civ.P. 52(c), when read together, required the district court to set forth findings of fact and conclusions of law, which it did not do, in granting Wal-Mart's motion for summary judgment. This argument is also frivolous. The plain language of Rule 52(c) states that it applies only to "trial[s] without a jury." Obviously, a summary judgment hearing, though conducted without a jury, is not a trial. Further, the Supreme Court has specifically stated that district courts are not permitted to make findings of fact pursuant to ruling on motions for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 
 [3]
 In light of our decision to affirm on this basis, we need not address the issue of whether, under South Carolina law, res judicata would bar the appellants' claims of defamation based on statements either made or not discovered until after the district court entered its previous summary judgment order; the statements' substantial truth renders all such claims unactionable