**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James W. Trexler, Appellant,

v.

The Associated Press, Barrington Broadcasting South Carolina Corp., Raycom TV Broadcasting, Inc., The Spartanburg Herald Journal, Inc., and the Pacific & Southern Co., Inc., Respondents.

Appellate Case No. 2013-001581

―――――――――――

Appeal From Richland County
Joseph M. Strickland, Special Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2015-UP-201
Heard February 11, 2015 – Filed April 15, 2015

―――――――――――

**AFFIRMED**

―――――――――――

William H. Johnson, of the Law Office of William H. Johnson, LLC, of Manning; Warren W. Wills, III, of the Law Office of W. Westbrook Wills, III, of Folly Beach; and Matthew David Hamrick, of Mount Pleasant, for Appellant.

Jerry Jay Bender, of Baker, Ravenel & Bender, LLP, of Columbia, for Respondents.

**PER CURIAM:** James Trexler appeals the circuit court's grant of summary judgment in favor of the Associated Press, Barrington Broadcasting South Carolina Corp., Raycom TV Broadcasting, Inc., the Spartanburg Herald Journal, Inc., and Pacific & Southern Co., Inc. (collectively "Respondents"), arguing the circuit court failed to consider the evidence in the light most favorable to Trexler. Specifically, Trexler argues the circuit court erred in finding (1) his claims were barred by the applicable statute of limitations under the relation back doctrine and the single publication rule based on his failure to timely file his amended complaint; (2) Trexler was a public official and, thus, was required to demonstrate Respondents acted with actual malice; and (3) Respondents were immune from suit because the content of their publications was substantially true and also protected under the fair reporting privilege. We affirm.

On February 27, 2008, Respondents published, through their respective media channels, reports concerning Trexler's alleged mistreatment of horses, including information obtained from a February 27, 2008 email press release issued by the Richland County Sheriff's Department (Sheriff's Department). The press release provided the media with official information concerning the arrest of Trexler, his mother, and his brother as well as a report that Trexler had been charged with kidnapping. Trexler, his mother, and his brother filed suit on February 23, 2010, for defamation[1] arising out of these and other broadcasts and publications.[2]

Trexler's original complaint asserted multiple causes of action against certain named entities, as well as "all media companies that produced or reported on any event relating to the plaintiffs in 2008, 2009, and 2010." Trexler asserted that, as a result of these false publications, he was forced to resign after twenty-seven years of employment with the state. In addition, Trexler claimed he lost his salary,

---

[1] The complaint also included causes of action for (1) intentional infliction of emotional distress, (2) libel, (3) slander, (4) negligence, and (5) civil conspiracy. Trexler voluntarily withdrew all causes of action except the defamation claim prior to the hearing on Respondents' motion for summary judgment.

[2] Trexler also submitted that publications issued by Respondents between the dates of February 26, 2008, and March 21, 2008, were defamatory.

pension, retirement benefits, and ability to obtain similar employment, and he suffered irreparable harm to his personal and professional reputation.

Trexler amended his complaint on June 23, 2010, becoming the sole plaintiff and removing the reference to other named defendants, as well as "all media companies," and specifying the defendants as only "The Associated Press, Barrington Broadcasting South Carolina Corp., The Pacific and Southern Company, Inc., Raycom TV Broadcasting, Inc., and The Spartanburg Herald-Journal, Inc."  Thereafter, Respondents moved for summary judgment on August 11, 2011, arguing Trexler's claims were barred by the statute of limitations and he failed to prove falsity and constitutional malice.

After a hearing, the circuit court granted Respondents' motion for summary judgment.  The circuit court found the applicable two-year statute of limitations barred Trexler's claims with respect to all publications prior to June 22, 2008,[3] because Trexler failed to properly identify Respondents in a timely manner pursuant to Rule 10(a)(1), SCRCP.[4]  Further, despite Respondents' false report that Trexler was arrested for kidnapping, the circuit court concluded the remaining publications were true or substantially true.  With respect to the falsely reported kidnapping charge, the circuit court found the fair reporting privilege insulated Respondents from liability.  Last, the circuit court held summary judgment was appropriate because Trexler was a public official, and he failed to prove Respondents acted with actual or constitutional malice as is required to support a

---

[3] The circuit court acknowledged in its order that only the December 15, 2008 publication by WLTX-TV survived the application of the statute of limitations. However, the circuit court then addressed the remainder of Respondents' arguments on the merits without specifically singling out WLTX or this sole December 2008 publication.  Because we find the fair reporting privilege and the affirmative defense of truth insulates Respondents from liability, we address these arguments as they relate to all Respondents.

[4] Rule 10(a)(1), SCRCP, sets forth the requirements for pleadings in a civil action and states, "When a party does not know the name of an adverse party[,] he may state that fact in the pleadings and designate such adverse party by any name and the words 'whose true name is unknown,' and when his true name is discovered[,] the pleadings must be amended accordingly."

libel claim. The circuit court denied Trexler's motion for reconsideration, and Trexler appealed.

1. Trexler argues the circuit court misapplied the fair reporting privilege and, thus, erred when it granted summary judgment. We disagree.

"Under the law of defamation, . . . certain communications give rise to qualified privileges, including the privilege to publish fair and substantially accurate reports of judicial and other governmental proceedings without incurring liability." *West v. Morehead*, 396 S.C. 1, 7, 720 S.E.2d 495, 498 (Ct. App. 2011). "Fair and impartial reports in newspapers o[n] matters of public interest are qualifiedly privileged." *Id.* (citation and internal quotation marks omitted). Under the defense of qualified privilege, "one who publishes defamatory matter concerning another is not liable for the publication if (1) the matter is published upon an occasion that makes it [qualifiedly or] conditionally privileged, and (2) the privilege is not abused." *Swinton Creek Nursery v. Edisto Farm Credit*, 334 S.C. 469, 484, 514 S.E.2d 126, 134 (1999) (citing Restatement (Second) of Torts § 593 (1977)).

Generally, whether a publication gives rise to a qualified privilege is a question of law for the courts. *Id.* at 485, 514 S.E.2d at 134 (citation omitted). However, "[t]he privilege extends only to a report of the contents of the public record and any matter added to the report by the publisher, which is defamatory of the person named in the public records, is not privileged." *Jones v. Garner*, 250 S.C. 479, 487, 158 S.E.2d 909, 913 (1968). When conflicting evidence exists, "the question [of] whether [a qualified] privilege has been abused is one for the jury." *Swinton Creek*, 334 S.C. at 485, 514 S.E.2d at 134 (citation omitted).

For Respondents to properly assert the fair reporting privilege, the publications at issue must be based on "the contents of the public record." *See Jones*, 250 S.C. at 487, 158 S.E.2d at 913. A public record includes "all books, papers, maps, photographs, cards, tapes, recordings, or other documentary materials *regardless of physical form* or characteristics prepared, owned, used, in the possession of, or *retained by a public body*." S.C. Code Ann. § 30-4-20(c) (2007) (emphasis added). The General Assembly has defined a public body as

> any department of the [s]tate, . . . any state board,
> commission, agency, and authority, any public or
> governmental body or political subdivision of the [s]tate,
> including counties, municipalities, townships, school
> districts, and special purpose districts, or any

> organization, corporation, or agency supported in whole or in part by public funds or expending public funds, including committees, subcommittees, advisory committees, and the like of any such body by whatever name known, and includes any quasi-governmental body of the [s]tate and its political subdivisions . . . .

S.C. Code Ann. § 30-4-20(a) (2007). The plain language of the statute demonstrates that the Sheriff's Department, as a public or governmental body or political subdivision of the State, is a public body. Therefore, we find a document prepared and used by a sheriff's department, such as a press release, is a public record. *See Burton v. York Cnty. Sheriff's Dep't*, 358 S.C. 339, 348−49, 594 S.E.2d 888, 893 (Ct. App. 2004) (citing to subsection 30-4-20(a) and finding a sheriff's department is a public body subject to the Freedom of Information Act).

The press release prepared by the Sheriff's Department stated Trexler was charged with "5 counts of ill treatment of animals and 1 count of kidnapping." Although the press release contained erroneous information regarding the kidnapping charge, we find Respondents' publication of the kidnapping charge was protected under the fair reporting privilege. *See White v. Wilkerson*, 328 S.C. 179, 186, 493 S.E.2d 345, 348 (1997) (stating the fair reporting privilege "protects fair and accurate reports of judicial records and proceedings and other official acts, reports, and records" (citation and internal quotation marks omitted)).

2. Trexler also contends summary judgment was inappropriate because he submitted proof that Respondents published articles and broadcasted statements falsely indicating he had been charged with felony class mistreatment of dozens of horses in South Carolina and Georgia. We disagree.

"The truth of the matter published is, of course, a complete defense to an action based on defamation . . . . And, we have held that a sufficient defense is made out where the evidence establishes that a statement was substantially true." *Ross v. Columbia Newspapers, Inc.*, 266 S.C. 75, 80, 221 S.E.2d 770, 772 (1976) (citation omitted). "The truth of the matter is a complete defense to an action based on defamation and evidence establishing [a] statement is substantially true is a sufficient defense." *Haulbrooks v. Overton*, 295 S.C. 380, 383, 368 S.E.2d 676, 678 (Ct. App. 1988) (citation omitted).

Respondents argue—and we agree—that they negated Trexler's claims of falsity by presenting evidence to the circuit court, in the form of arrest warrants and

indictments, that Trexler was eventually charged with felony mistreatment of dozens of animals.  Trexler also acknowledges in his brief that he was arrested and charged with mistreatment of animals and indicted on four counts of felony mistreatment of animals.  Regardless of the dismissal of these charges subsequent to Respondents' publications, we find the news reports were substantially true at the time of publication.  *See Padgett v. Sun News*, 278 S.C. 26, 31, 292 S.E.2d 30, 33 (1982) (finding a newspaper's publication of contents of a summons charging respondents with a certain crime, despite subsequent filing of complaint which omitted this crime, did not negate the accuracy of the newspaper's publication).  Based on the foregoing, we find the circuit court properly granted summary judgment in favor of Respondents.

3.  We decline to address Trexler's remaining arguments because our resolution of prior issues is dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (concluding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**