**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Aminah A. Richburg, Appellant,

v.

E.A. "Rico" Williams, Director, District One S.C. Basketball Officials Association, and the South Carolina High School League, Respondents.

Appellate Case No. 2017-001147

———————

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-223
Submitted June 1, 2020 – Filed July 29, 2020

———————

**AFFIRMED**

———————

Aminah A. Richburg, of Greenville, pro se.

Carmelo Barone Sammataro, of Turner Padget Graham & Laney, PA, of Columbia, for Respondent E.A. Rico Williams.

Rebecca Laffitte, John Michael Montgomery, and Vordman Carlisle Traywick, III, all of Robinson Gray Stepp & Laffitte, LLC, of Columbia, for Respondent South Carolina High School League.

**PER CURIAM:** Aminah A. Richburg appeals the trial court's order granting summary judgment in favor of E.A. "Rico" Williams and the South Carolina High School League (SCHSL) (collectively, Respondents). On appeal, Richburg argues thirty-four issues relating to her lawsuit against the Respondents for defamation and negligence. Among her issues on appeal, she argues the trial court erred in denying her motions to compel additional responses to her discovery requests and also erred in granting summary judgment on her defamation and negligence claims. We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities:

1. We hold Richburg's issues pertaining to her allegations of discovery abuse by the Respondents and the trial court's denial of her motions to compel are abandoned on appeal. *See Glasscock, Inc. v. U.S. Fidelity & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."). Richburg's brief contains only short, conclusory statements alleging wrongdoing by the Respondents during the discovery process. She fails to cite to any specific instances of noncompliance with her discovery requests and does not cite any supporting legal authority.

2. We hold the trial court did not err in granting summary judgment in favor of the Respondents with regard to Richburg's defamation claims. *See Wogan v. Kunze*, 379 S.C. 581, 585, 666 S.E.2d 901, 903 (2008) ("When reviewing the grant of summary judgment, this [c]ourt applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* ("In determining whether triable issues of fact exist, the evidence and all factual inferences must be viewed in the light most favorable to the nonmoving party."); *BPS, Inc. v. Worthy*, 362 S.C. 319, 326, 608 S.E.2d 155, 159 (Ct. App. 2005) ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted."); *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 250, 626 S.E.2d 1, 5 (2006) ("[S]ummary judgment is completely appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

First, we agree with the circuit court that neither SCHSL nor any of its representatives made defamatory communications regarding Richburg. *See Fleming v. Rose*, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002) ("In order to prove defamation, the complaining party must show: (1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm."). Richburg alleges her communications with two representatives of the SCHSL support a defamation claim. We disagree. One of the representatives merely denied Richburg's request for information the SCHSL does not disclose to anyone, while the other informed her she should resolve her disputes at the local level. We hold none of these communications amount to defamation because none of the communications sought to harm Richburg's reputation or lower her estimation in the community, and thus, we hold summary judgement was proper. *See id.* ("The publication of a statement is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.").

Second, we hold there is no genuine dispute of any material facts regarding the veracity of the statements made by Williams. Richburg alleges an email from Williams to representatives of the SCHSL and the South Carolina Basketball Officials Association (SCBOA) relaying a conversation between the two of them defamed her. There is no genuine dispute that each of the statements about which Richburg complains are true. The veracity of those statements is supported by evidence in the record. Richburg did not point to any specific falsehoods in the email at issue and failed to produce any evidence to counter Williams's evidence his statements were true. Accordingly, we hold summary judgment was proper based on the absolute defense of truth. *See BPS, Inc.*, 362 S.C. at 326, 608 S.E.2d at 159 ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted."); *Ross v. Columbia Newspapers, Inc.*, 266 S.C. 75, 80, 221 S.E.2d 770, 772 (1976) ("The truth of the matter published is . . . a complete defense to an action based on defamation."); *id.* ("[A] sufficient defense is made out where the evidence establishes the statement was substantially true.").

3. We further hold the trial court properly granted summary judgment in favor of SCHSL on Richburg's negligence claim. Richburg failed to establish SCHSL had a duty to intervene in her dispute with Williams and SCBOA. *See BPS, Inc.*, 362

S.C. at 326, 608 S.E.2d at 159 ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted."); *Graham v. Town of Latta,* 417 S.C. 164, 186, 789 S.E.2d 71, 82 (Ct. App. 2016) ("To prevail in an action for negligence, a plaintiff must establish that: '(1) defendant owes a duty of care to the plaintiff, (2) defendant breached that duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) plaintiff suffered an injury or damages.'" (quoting *Steinke v. S.C. Dep't of Labor, Licensing & Regulation*, 336 S.C. 373, 387, 520 S.E.2d 142, 149 (1999))); *Washington v. Lexington Cty. Jail*, 337 S.C. 400, 405, 523 S.E.2d 204, 206 (Ct. App. 1999) ("The absence of any one of these elements renders the cause of action insufficient."); *Hendricks v. Clemson Univ.*¸ 353 S.C. 449, 456, 578 S.E.2d 711, 714 (2003) ("An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance."); *id.* at 456-57, 578 S.E.2d at 714 ("[T]he common law imposes no duty on a person to act."). According to the record, the relationship between individual basketball officials and the SCBOA is governed by SCBOA's constitution. That constitution describes how disputes are handled between an individual and the SCBOA. Nothing describes the SCHSL playing a role in that process. Richburg does not direct us to any other source of an actionable duty owed to her.

4. We hold Richburg's remaining issues are not preserved for appellate review because Richburg either failed to raise them to the trial court or the trial court did not rule upon them in its April 19, 2017 order. Richburg did not file a motion pursuant to Rule 59(e), SCRCP, seeking to alter or amend the trial court's judgment. Any issues not raised and decided below are not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue [to the trial court], but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review."); *id.*("The losing party must first try to convince the [trial] court it has ruled wrongly and then, if that effort fails, convince the appellate court that the [trial] court erred.").

**AFFIRMED.**

**LOCKEMY, CJ., and GEATHERS and HEWITT, JJ., concur.**