21644

Jack T. GRAHAM and Lois Graham, Plaintiffs, of whom Jack T. Graham is Appellant, v. STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Respondent.

(287 S. E. (2d) 495)

*Franklin R. DeWitt,* Conway, *for appellant.*

*John C. Thompson and John B. McCutcheon,* Conway, *for respondent.*

February 18, 1982.

GREGORY, Justice:

This appeal is taken from an order granting State Farm Fire and Casualty Insurance Company summary judgment in appellant's action for breach of a fire insurance policy on appellant's home. The trial court held appellant was collaterally estopped by prior judgment to bring the instant action. We affirm.

On May 8, 1979, appellant's home was destroyed by fire, and his automobile was damaged in that fire. Appellant's homeowner's policy was provided by respondent. Appellant's auto policy was with State Farm Mutual Automobile Insurance Company.

State Farm Mutual Automobile Insurance Company refused to pay appellant's claim for damage to the automobile, and appellant brought an action to recover under that policy. The insurer defended on the basis that the fire was of incendiary origin and that appellant's willfulness caused the damage. That issue was the sole issue before the jury, and the jury returned a verdict for the insurer.

Appellant then brought this action for breach of contract against respondent to recover damages under his homeowner's policy. Respondent defended on the basis that it had satisfied the mortgage on appellant's home in the amount of Twenty-Nine Thousand, Three Hundred Forty-One and 79/100 Dollars ($29,341.79), and that appellant was collaterally estopped by the prior judgment. The trial judge found that appellant was estopped by judgment from bringing this second action.

Appellant argues that lack of privity between the two insurance companies conceded by respondent, precludes the operation of collateral estoppel by judgment. We disagree.

The modern trend is to disregard the privity requirement in applying estoppel by judgment. In determining the defense of collateral estoppel notwithstanding a lack of privity, the courts have taken into consideration: whether the doctrine is used offensively or defensively, and

whether the party adversely affected had a full and fair opportunity to litigate the relevant issue effectively in the prior action. 31 A. L. R. (3d) 1052. (The South Carolina Supreme Court has recognized estoppel by judgment without privity in the case of *Jenkins v. Atlantic Coast Line Railroad Company*, 89 S. C. 408, 71 S. E. 1010, and in the case of *Watson v. Goldsmith*, 205 S. C. 215, 31 S. E. (2d) 317.

In *Jenkins, supra*, the Court states as follows:

". . . the true ground upon which a former judgment, in a case like this, should be allowed to operate as a bar to a second action is not *res judicata*, or technical estoppel, because the parties are not the same, and there is no such privity between them as is necessary for the application of that doctrine; but that in such cases, on grounds of public policy, the principle of estoppel should be expanded, so as to embrace within the estoppel of a judgment, persons who are not, strictly speaking, either parties or privies. It is rested upon the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity." 89 S. C. at 421, 71 S. E. 1010.

This language has been cited with approval in the case of *Mackey v. Frazier*, 234 S. C. 81, 106 S. E. (2d) 895 (1959).

As stated in the case of *Watson v. Goldsmith, supra*, the plaintiff has had his day in court and society is interested in an end of litigation.

It appears from the transcript of record that the appellant has had his day in Court. He was also the plaintiff in the prior action which was vigorously pursued by his attorney and resulted in an adjudication as to the origin of the fire, the sole issue in both actions. This matter having been fully and fairly adjudicated, the appellant is collaterally estopped by prior judgment from bringing this action to adjudicate the same issue, notwithstanding a lack of privity between the insurance companies.

Affirmed

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.