551 S.E.2d 257

**Daughter DOE, Jim Doe, and Richard Doe, minor children, by Paulette Jolly as Guardian ad Litem, Respondents,**

v.

**John DOE, Appellant.**

No. 25341.

Supreme Court of South Carolina.

Submitted May 24, 2001.

Decided Aug. 13, 2001.

Rehearing Denied Sept. 12, 2001.

---

John Doe, of Kershaw, pro se appellant.

James K. Lehman, Jason B. Sprenkle, and Patrick K. McCarthy, of Nelson Mullins Riley & Scarborough, L.L.P., of Columbia, for respondents.

MOORE, Justice:

We certified this appeal for review to determine the collateral estoppel effects of a criminal conviction and a family court judgment on a subsequent civil action.

## FACTS

Appellant was tried and convicted of five counts of first degree criminal sexual conduct with a minor (CSC) and one count of committing or attempting to commit a lewd act upon a minor. He was sentenced to 30 years imprisonment for each of the CSC charges and 15 years imprisonment for the lewd act charge, with 90 of those years to be served consecutively. The charges arose out of appellant's sexual abuse of his children, respondents Daughter and Jim Doe. In an unpublished opinion, the Court of Appeals affirmed his convictions.

Prior to his criminal trial, the family court terminated appellant's parental rights because there was clear and convincing evidence that respondents, Daughter Doe and Jim Doe, were neglected and sexually abused while in the primary care of appellant.

Respondents brought a civil action seeking damages for assault, battery, intentional infliction of emotional distress, negligence, and negligence per se, based upon appellant's sexual and physical abuse of them. Respondents moved for summary judgment as to liability on the assault and battery claims on the grounds appellant was collaterally estopped from relitigating the issue of whether he sexually abused them due to his criminal convictions and due to the family court's order terminating his parental rights. The trial court granted the motion because the precise question at issue in the assault and battery actions had previously been adjudicated against appellant in the family court proceeding and the criminal trial.

## ISSUES

(1) Did the trial court err by granting partial summary judgment on the issue of appellant's liability based upon the collateral estoppel effect of appellant's prior criminal convictions?

(2) Did the trial court err by finding appellant is collaterally estopped from litigating the issue of the abuse of Richard Doe?

## DISCUSSION

*Collateral estoppel effect of criminal conviction*

Appellant contends he should not be estopped from relitigating the issue of his liability for assault and battery. Although the collateral estoppel effect of a criminal conviction has never been directly addressed by this Court, we have alluded to the general rule that a criminal conviction is not binding in a subsequent civil action.[1]

■ We now adopt the rule that once a person has been criminally convicted he is bound by that adjudication in a subsequent civil proceeding based on the same facts underlying the criminal conviction.[2] *See* 47 Am.Jur.2d *Judgments*

---

1. *See, e.g., Globe & Rutgers Fire Ins. Co. v. Foil,* 189 S.C. 91, 96, 200 S.E. 97, 100 (1938) ("While it is well settled that a conviction in a criminal prosecution is not an adjudication binding the defendant in a subsequent civil action based on the same facts ..., a plea of guilty is an admission of the matters alleged in the indictment and the judgment entered thereon is admissible [but not conclusive] in a civil action involving the same issues as proof of that admission."); *Samuel v. Mouzon,* 282 S.C. 616, 320 S.E.2d 482 (Ct.App.1984) (same); *Poston v. Home Ins. Co. of New York,* 191 S.C. 314, 4 S.E.2d 261 (1939) (the conviction of a person upon the charges for which he was under indictment would be conclusive against him in his action against the insurance company, because the Court would not look with favor upon the right of any party to profit by his own criminal act). *See also South Carolina State Bd. of Dental Exam'rs v. Breeland,* 208 S.C. 469, 38 S.E.2d 644 (1946) (Court established an exception to the rule that a criminal conviction was not binding on the defendant in a subsequent civil action by stating the rule was inapplicable to the Dental Board's action to revoke Breeland's license to practice dentistry).

2. We note there are exceptions to this rule. *See, e.g.,* S.C.Code Ann. § 56–5–6160 (1991) ("No evidence of conviction of any person for any

§ 733 (1995) ("Under the modern approach, a judgment of conviction precludes the defendant from denying the allegations in a subsequent civil complaint as to issues that were actually litigated and adjudicated in the prior proceeding.").

■ We note the reasons for the former rule were nonmutuality[3] and a difference in the degree of proof required. *See Breeland, supra.* However, when a conviction is offered in a civil proceeding against the party convicted, the party cannot complain of a difference in the degree of proof when the burden of proof in the criminal proceeding was much higher than the burden of proof in the present civil proceeding. As a result, one of the reasons for the former rule is eliminated.

■ The other reason, lack of mutuality, is also eliminated because mutuality is no longer a requirement of collateral estoppel. *Graham v. State Farm Fire and Cas. Ins. Co.,* 277 S.C. 389, 287 S.E.2d 495 (1982) (the modern trend is to disregard the privity requirement in applying estoppel by judgment; in determining the defense of collateral estoppel notwithstanding a lack of privity, the factors the courts have taken into consideration include: whether the doctrine is used offensively or defensively, and whether the party adversely affected had a full and fair opportunity to litigate the relevant issue effectively in the prior action); *Irby v. Richardson,* 278 S.C. 484, 298 S.E.2d 452 (1982) (same). Accordingly, we find the natural progression of the law of this State is to allow a criminal conviction to collaterally estop relitigation of the same issue in a subsequent civil action.

■ As a practical matter, to allow a party to offensively invoke the collateral estoppel doctrine in this situation,[4] it must be shown the identical issue must have necessarily been

---

violation of [the chapter entitled Uniform Act Regulating Traffic on Highways] shall be admissible in any court in any civil action.").

**3.** Nonmutuality arises out of the fact that the parties in the present suit are not the same as the parties in the previous suit. *Breeland,* 208 S.C. at 474, 38 S.E.2d at 646 (citing *Fonville v. Atlanta & C. Air Line Ry. Co.,* 93 S.C. 287, 75 S.E. 172 (1912)).

**4.** The offensive use of collateral estoppel is permissible. *South Carolina Property and Cas. Ins. Guar. Ass'n v. Wal–Mart Stores, Inc.,* 304 S.C. 210, 403 S.E.2d 625 (1991).

decided in the prior criminal action and be decisive in the present civil action. It must also be shown the party precluded from relitigating the issue, appellant here, must have had a full and fair opportunity to contest the prior determination. *See, e.g., Breeland,* 208 S.C. at 476, 38 S.E.2d at 648 ("The question of his guilt here is precisely the same as was determined adversely to him under circumstances most favorable to himself—that is, in a prosecution in which he could not have been convicted unless his guilt had been shown beyond a reasonable doubt."); *Irby v. Richardson,* 278 S.C. at 487, 298 S.E.2d at 454 ("Where the plaintiff has had a full and fair opportunity to litigate the question of an attorney's negligence or effectiveness in a particular case, he should be collaterally estopped to adjudicate the same issue in a subsequent legal malpractice action.").

We find appellant, due to his conviction, is collaterally estopped from relitigating the issue of whether he abused his children in the civil proceeding against him. The identical issue was decided in the prior criminal action and is decisive in the assault and battery actions.[5] Further, appellant has had a full and fair opportunity to contest the prior determination.

In conclusion, the trial court did not err by granting partial summary judgment on respondents' assault and battery claims based on appellant's prior criminal conviction for their abuse.[6] Because of this conclusion, we need not address appellant's contention the trial court erred by granting partial summary judgment on the issue of appellant's liability based upon the

---

**5.** The criminal conviction of CSC necessarily found that appellant had committed a battery on respondents. *See* S.C.Code Ann. § 16–3–655(1) (1985) (A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim who is less than eleven years of age). Further, the allegations giving rise to appellant's convictions preclude appellant from denying respondents' assault claim in the civil action. *See Herring v. Lawrence Warehouse Co.,* 222 S.C. 226, 72 S.E.2d 453 (1952) (assault occurs when a reasonable apprehension or fear of bodily harm has been caused by the defendant's conduct).

**6.** We note an acquittal will not end the litigation, because while the State may fail to prove the charges beyond a reasonable doubt in order to convict, the defense in the civil suit could prevail if proven by the greater weight of the evidence. *Poston,* 191 S.C. at 317, 4 S.E.2d at 262.

collateral estoppel effect of the family court's judgment terminating his parental rights.

*Collateral estoppel effect as to Richard Doe*

Because the issue of whether appellant abused Richard Doe has not been litigated either in the family court or in a criminal trial, appellant is not collaterally estopped from litigating the issue of the abuse of Richard Doe. Accordingly, the grant of partial summary judgment as to Richard's civil action against appellant is reversed.[7]

**AFFIRMED IN PART, REVERSED IN PART.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

7. Respondents agree the grant of summary judgment as to Richard should be reversed.