684 S.E.2d 779

**CAROLINA RENEWAL, INC., Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION,**
Daniel Shealy, Steve Gwinn, Robert Burriss, and David Figus,
Defendants, Of Whom South Carolina Department of Transportation is the Respondent.

**No. 4622.**

Court of Appeals of South Carolina.

Heard Feb. 18, 2009.
Decided Oct. 8, 2009.
Rehearing Denied Nov. 19, 2009.

552

Mark Weston Hardee, of Columbia, for Appellant.

H. Ronald Stanley, of Columbia, for Respondent.

HEARN, C.J.

Carolina Renewal contends the trial court erred in determining its breach of contract claim was barred by collateral estoppel. We affirm.

## FACTS

In 2002, Carolina Renewal entered into a contract with the South Carolina Department of Transportation (SCDOT) to perform road construction in Spartanburg County. Shortly after work began, Robert Burriss, a SCDOT employee, made slanderous statements about David Smith, Carolina Renewal's sole officer and shareholder, to employees for Carolina Renewal. Burriss made the following statements to Carolina Renewal's employees: they risked not being paid because Smith had not paid any of his bills; Smith was going to jail for falsifying documents; Smith was going to default on the project; Carolina Renewal would not be able to work for the state anymore; and a different company owned by Smith would not do any more work for the Department. After hearing these statements, all of Carolina Renewal's employees quit work on the project. Because Smith was unable to hire additional employees, Carolina Renewal was unable to perform under the contract. As a result, SCDOT dismissed Carolina Renewal, and Carolina Renewal went out of business.

In November of 2002, Smith, in his individual capacity, commenced a lawsuit for slander against SCDOT. In his complaint and in his answer to interrogatories, Smith argued he was entitled to damages flowing from the contract between Carolina Renewal and SCDOT. At trial, Smith further testified about the contractual damages he and his corporation sustained as a result of the slanderous statements. Ultimately, the jury returned a general verdict in favor of Smith, awarding him $132,750.

In January of 2006, Carolina Renewal brought a claim for breach of contract against SCDOT. SCDOT responded by filing a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), SCRCP, arguing the doctrine of collateral estoppel prevented Carolina Renewal from recovering damages under the contract. Initially, the trial court denied SCDOT's motion to dismiss; however, at a subsequent hearing with a different judge, the trial court granted the Department's motion, finding "the issue of contract damages, that is, loss of profits, loss of future opportunities, loss of income, loss of the bargain were all litigated in the (slander action)." This appeal followed.

## STANDARD OF REVIEW

If the trial court considers matters outside of the pleadings in ruling on a motion under Rule 12(b)(6), SCRCP, the motion will be treated as one for summary judgment. Rule 12(b)(6), SCRCP. When reviewing the grant of a motion for summary judgment, this court applies the same standard as applied by the trial court pursuant to Rule 56(c), SCRCP. *Peterson v. West Am. Ins. Co.,* 336 S.C. 89, 94, 518 S.E.2d 608, 610 (Ct.App.1999). Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law. Rule 56(c). "When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in a light most favorable to the nonmoving party." *Fleming v. Rose,* 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).

## LAW/ANALYSIS

Carolina Renewal contends the trial court erred in applying collateral estoppel in this case because: (1) it was not a party to initial slander lawsuit between Smith and SCDOT; (2) it was the only party entitled to bring a breach of contract action against SCDOT; (3) slander and breach of contract are separate causes of action; and (4) its breach of contract claim was not litigated during the slander action. We disagree.

Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same. *Judy v. Judy,* 383 S.C. 1, 7, 677 S.E.2d 213, 217 (Ct.App.2009). The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment. *Beall v. Doe,* 281 S.C. 363, 369 n. 1, 315 S.E.2d 186, 189–90 n. 1 (Ct.App.1984). "While the traditional use of collateral estoppel required mutuality of parties to bar relitigation, modern courts recognize the mutuality requirement is not necessary for the application of collateral estoppel where the party against whom estoppel is asserted had a full and fair opportunity to previously litigate the issues." *Snavely v. AMISUB of S.C., Inc.,* 379 S.C. 386,

398, 665 S.E.2d 222, 228 (Ct.App.2008). The doctrine of collateral estoppel should not be rigidly or mechanically applied. *Carrigg v. Cannon,* 347 S.C. 75, 81, 552 S.E.2d 767, 770 (Ct.App.2001). Thus, even if all the elements for collateral estoppel are met, when unfairness or injustice results or public policy requires it, courts may refuse to apply it. *State v. Bacote,* 331 S.C. 328, 331, 503 S.E.2d 161, 163 (1998).

Carolina Renewal's absence from the previous slander lawsuit does not insulate it from issue preclusion. As far back as 1982, our supreme court held the doctrine of collateral estoppel barred the plaintiff from relitigating an issue even though the defendant was not a party, or in privity with a party, to the initial action. *Graham v. State Farm Fire & Cas. Ins. Co.,* 277 S.C. 389, 391, 287 S.E.2d 495, 496 (1982); *Irby v. Richardson,* 278 S.C. 484, 487, 298 S.E.2d 452, 454 (1982). In subsequent cases, our appellate courts have applied collateral estoppel against a defendant in actions in which the plaintiff was not a party, or in privity with a party, to the initial action. *S.C. Prop. & Cas. Ins. Guar. Ass'n v. Wal–Mart Stores, Inc.,* 304 S.C. 210, 213, 403 S.E.2d 625, 627 (1991); *Beall,* 281 S.C. at 372, 315 S.E.2d at 191. More recently, our supreme court has noted "mutuality is no longer a requirement of collateral estoppel." *Doe v. Doe,* 346 S.C. 145, 149, 551 S.E.2d 257, 259 (2001). As these decisions make clear, the identity of the parties, and their relationships to one another, is simply not a concern when deciding whether to apply the doctrine of collateral estoppel. Accordingly, the trial court did not err in applying collateral estoppel against Carolina Renewal even though it was not a party to the initial slander lawsuit between Smith and SCDOT.

In dispensing with the mutuality requirement, our courts have applied collateral estoppel only when the party against whom estoppel is asserted had a full and fair opportunity to previously litigate the issue. *See S.C. Prop. & Cas. Ins. Guar. Ass'n,* 304 S.C. at 213, 403 S.E.2d at 627 ("Nonmutual collateral estoppel may be asserted unless the party precluded lacked a full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him the opportunity to relitigate the issue."). Although Carolina Renewal neglects to specifically address this point on

appeal, it argues collateral estoppel should not prevent it from commencing a breach of contract claim because it was the only party entitled to bring the action against SCDOT. This fact is of no consequence to us on appeal. In our view, because the interests of Carolina Renewal and Smith are identical, we see no reason to find Carolina Renewal lacked a full and fair opportunity to litigate the issue of damages under the contract with SCDOT.[1] *See* Restatement (Second) of Judgments § 59 cmt. e (1982) (stating because the interests of closely-held corporations and their owners generally fully coincide, there is no good reason to regard them as legally distinct for purposes of collateral estoppel); *see also id.* § 59(3)(b) (espousing the general rule that collateral estoppel bars a closely-held corporation from relitigating issues previously decided in an action where the owner of the corporation was a party).[2]

█ █ Next, Carolina Renewal contends collateral estoppel does not bar it from bringing a breach of contract action against SCDOT because its breach of contract claim is a separate cause of action than Smith's initial slander action. The doctrine of collateral estoppel prevents the relitigation of *issues*, not claims, necessarily determined in a former proceeding regardless of whether the identity of the causes of action in successive lawsuits are the same. *See Judy*, 383 S.C. at 7, 677 S.E.2d at 217 ("Collateral estoppel applies to specific issues, regardless of whether the claims in the first and subsequent suits are the same."). In this case, Smith chose to introduce damages flowing from the alleged breach of contract in his slander action against SCDOT. Accordingly, because the doctrine of collateral estoppel prevents the relitigation of issues, the trial court did not err in determining collateral estoppel barred Carolina Renewal from relitigating the issue of contract damages in its breach of contract claim.

---

1. In addition to sharing the same interests, the fact Smith actually litigated the issue of contract damages in his slander action provides further evidence that Carolina Renewal was provided with a full and fair opportunity to litigate the issue.

2. Our courts have relied heavily on the Restatement (Second) of Judgments in developing collateral estoppel jurisprudence. *See Beall*, 281 S.C. at 370, 315 S.E.2d at 190 (adopting the general rule and exceptions set forth in Sections 27, 28, and 29 of the Restatement (Second) of Judgments (1982)).

■ Finally, Carolina Renewal asserts the trial court erred in determining the issue of contract damages was actually litigated during the slander action. Carolina Renewal does not address the remaining two elements of collateral estoppel. *See Beall*, 281 S.C. at 369 n. 1, 315 S.E.2d at 189–90 n. 1 (noting the party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment). Because Carolina Renewal does not argue these issues on appeal, they are considered abandoned.[3] *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (stating the failure to provide arguments or supporting authority for an issue renders it abandoned); *State v. Wakefield*, 323 S.C. 189, 191, 473 S.E.2d 831, 832 (Ct.App.1996) (noting, to be considered on appeal, all issues must be argued by the appellant in its initial brief). Accordingly, we decide only whether the issue of contract damages was actually litigated in Smith's slander lawsuit.[4]

■ Because Smith sought to recover damages from the alleged breach of contract in his slander action, we find the issue of contract damages was actually litigated in the slander lawsuit. In the slander action, Smith testified at length about damages he and his corporation sustained as a result of SCDOT's alleged breach of contract. Additionally, in Smith's

---

3. In broad conclusion included in Carolina Renewal's appellant brief, it states "[n]one of the elements for res judicata, collateral estoppel, or issue preclusion are present in this case." This argument is too conclusory to be considered on appeal. *See Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 298, 519 S.E.2d 583, 600 (Ct.App.1999) (declaring that conclusory arguments may be treated as abandoned); *Englert, Inc. v. Netherlands Ins. Co.*, 315 S.C. 300, 304 n. 2, 433 S.E.2d 871, 873 n. 2 (Ct.App.1993) (stating a one sentence argument is too conclusory to present any issue on appeal). This is especially true in this case, when Carolina Renewal fails altogether to cite the last two elements of collateral estoppel in its brief.

4. The fact that the jury returned a general verdict in the slander lawsuit has no bearing on whether the issue was actually litigated during that proceeding. To the extent the general verdict would impact our analysis, it would only be in deciding whether the issue of contract damages was directly determined in the slander action or necessary to support the jury's verdict; however, as we stated above, these issues are not before the court.

complaint, he contended the defamatory statements made by Burriss caused him to suffer damage in the form of lost profits under the contract. Later, in his answer to interrogatories, Smith itemized the damages he was seeking to recover in the slander suit: loss of the contract with SCDOT in the amount of $87,000, delay on the project in the amount of $185,000, and lost profits on the project of $100,000. In Carolina Renewal's brief, it acknowledges Smith litigated the issue of contract damages in his slander suit when it states "[Smith] was allowed . . . to interject contract damages due to a third party into [his] slander cause of action . . ." *See Shorb v. Shorb*, 372 S.C. 623, 628 n. 3, 643 S.E.2d 124, 127 n. 3 (Ct.App.2007) (holding a party is bound by a concession in his brief). Clearly, the evidence in this case reveals that Smith sought to recover damages from the alleged breach of contract in his slander lawsuit. As a result, we conclude the issue of contract damages was actually litigated in the slander action, and Carolina Renewal is collaterally estopped from relitigating the issue.

Accordingly, the decision of the circuit court is

**AFFIRMED.**

SHORT, J., concurs. KONDUROS, J., dissents in a separate opinion.

KONDUROS, J.

I respectfully dissent. The majority finds Smith actually litigated the issue of contract damages at the first trial. Because the trial court was considering this case at the summary judgment stage of the proceedings, I disagree. A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. For summary judgment purposes, a court must view the facts in the light most favorable to the nonmoving party. *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). Because summary judgment is a drastic remedy, a court should cautiously invoke it so it will not improperly deprive a party of a trial of the disputed factual issues.

*Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991).

A party asserting the defense of collateral estoppel has the burden of proving all of the elements, including whether the issue was actually litigated. *See Carrigg v. Cannon*, 347 S.C. 75, 80, 552 S.E.2d 767, 770 (Ct.App.2001) (quoting *Beall v. Doe*, 281 S.C. 363, 371, 315 S.E.2d 186, 191 (Ct.App.1984)) ("The party asserting collateral estoppel 'must show that the issue was actually litigated and directly determined in the prior action and that the matter or fact directly in issue was necessary to support the first judgment.' "). Here, SCDOT had the burden of showing the issue of contract damages was actually litigated. Because the case was at the summary judgment stage of the proceedings, the trial court was looking to see if SCDOT presented any evidence that raised a genuine issue of material fact as to whether the issue of contract damages was litigated. Carolina Renewal, the nonmoving party, only needed to submit a scintilla of evidence warranting determination by a jury for summary judgment to be denied. *See Hancock v. Mid–South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (clarifying and reaffirming in cases applying the preponderance of the evidence burden of proof, the nonmoving party is only required to submit a mere scintilla of evidence to withstand a motion for summary judgment). Despite the fact Smith owned all of the shares of Carolina Renewal, he could not have brought the cause of action for breach of contract individually because he was not a party to the contract.[5] While the first case included testimony regarding the contract, the jury was not asked to examine the terms of the contract or whether SCDOT's actions were a breach of the terms. In fact, Smith did not move to admit the contract into evidence; SCDOT did. SCDOT did not demonstrate the complaint in the first case was amended to include the breach of contract action, nor point to anywhere in the record from the first case that the parties agreed to try the

---

5. I do not disagree with the majority that mutuality of parties is no longer a requirement for collateral estoppel. However, I do believe the fact that Smith could not have individually brought the breach of contract action is one of several factors that raised a material question of fact as to whether breach of contract damages were actually litigated.

breach of contract action. Additionally, the verdict in the first case was a general verdict, which made determining whether the jury decided the breach of contract issue impossible. I believe all of this amounted to at least a mere scintilla of evidence the contract damages were not litigated. Accordingly, I would reverse the trial court's grant of summary judgment.