**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Raymond A. Wedlake, as a Member of Woodington Homeowners' Association, Inc. and on behalf of all other similarly situated members of Woodington Homeowners' Association, Inc., Appellant,

v.

Board of Directors of Woodington Homeowners' Association, Inc., comprised of Mona Craigo, Edward Decker, and Sandra LaCroix; McCabe, Trotter, & Beverly, P.C.; and State Farm Fire and Casualty Company, Respondents.

Appellate Case No. 2021-000511

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2022-UP-184
Submitted April 14, 2022 – Filed April 27, 2022

**AFFIRMED**

Raymond A. Wedlake, of Greenville, pro se.

James P. Walsh, of Clarkson, Walsh & Coulter, P.A., of Greenville, for Respondents Board of Directors of

Woodington Homeowners' Association, Inc., Mona Craigo, Edward Decker, and Sandra LaCroix.

Stephanie Trotter Kellahan, of McCabe, Trotter & Beverly, P.C., of Columbia, for Respondent McCabe, Trotter & Beverly, P.C.

Jennifer Elizabeth Johnsen, of Gallivan, White & Boyd, PA, of Greenville; Natalie Rae Ecker, of Greenville; and Nicholas Andrew Farr, of Rogers Townsend LLC, of Greenville, all for Respondent State Farm Fire and Casualty Company.

———————

**PER CURIAM:** Raymond A. Wedlake appeals the circuit court's Form 4 order affirming the magistrate court's dismissal of his complaint. On appeal, Wedlake argues many issues. We affirm pursuant to Rule 220(b), SCACR.

1. As to issues B, F, G, H, I, and M: *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), [SCRCP,] an appellate court applies the same standard of review as the trial court."); *id.* ("That standard requires the Court to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))).

2. As to issues AA, AB, and A: *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009) ("Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same."); *id.* ("The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment.").[1]

_____

[1] As to issue AC: *id.* at 554-55, 684 S.E.2d at 782 ("While the traditional use of collateral estoppel required mutuality of parties to bar relitigation, modern courts recognize the mutuality requirement is not necessary for the application of collateral estoppel where the party against whom estoppel is asserted had a full and

3.  As to issue C: *Trancik v. USAA Ins. Co.*, 354 S.C. 549, 553-54, 581 S.E.2d 858, 861 (Ct. App. 2003) (holding a third party who is not a party to a contract cannot bring suit for breach of contract); *Park v. Safeco Ins. Co. of America*, 251 S.C. 410, 415, 162 S.E.2d 709, 711 (1968) (providing an injured person who is not a party to the insurance contract has "no primary standing to litigate a dispute between the insured and insurer until and unless he establishes liability against [the insured]").

4.  As to issue D: The magistrate court's order addressed causes of action raised in the complaint and the amended complaint.  Thus, we find Wedlake's argument without merit.

5.  As to issue E, K, and L: *Brown v. Stewart*, 348 S.C. 33, 49, 557 S.E.2d 676, 684 (Ct. App. 2001) ("A shareholder may maintain an individual action only if his loss is separate and distinct from that of the corporation.  A shareholder's suit is derivative if the gravamen of his complaint is an injury to the corporation and not to the individual interest of the shareholder." (quoting *Hite v. Thomas & Howard Co.*, 305 S.C. 358, 361, 409 S.E.2d 340, 342 (1991), *overruled on other grounds by Huntley v. Young*, 319 S.C. 559, 560, 462 S.E.2d 860, 861 (1995))); Rule 23(b)(1), SCRCP ("The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.").  To the extent Wedlake argues he represents the members of Woodington Homeowners' Association, Inc., this argument is without merit: *In re Unauthorized Prac. of L. Rules Proposed by S.C. Bar*, 309 S.C. 304, 306, 422 S.E.2d 123, 124 (1992) ("We modify [South Carolina case law] today to allow a business to be represented by a non-lawyer officer, agent or employee . . . in civil magistrate's court proceedings. . . .  The magistrate shall require a written authorization from the entity's president, chairperson, general partner, owner or chief executive officer, or in the case of a person possessing a Limited Certificate, a copy of that Certificate, before permitting such representation.").

6.  As to issue J: *Brown v. Pearson*, 326 S.C. 409, 422, 483 S.E.2d 477, 484 (Ct. App. 1997) (explaining no South Carolina case has recognized a cause of action for "false light").  To the extent Wedlake's cause of action for "false light" can be construed as one for defamation: *Harris v. Tietex Int'l Ltd.*, 417 S.C. 533, 542, 790 S.E.2d 411, 416 (Ct. App. 2016) ("In South Carolina, defamation claims are

---

fair opportunity to previously litigate the issues." (quoting *Snavely v. AMISUB of S.C., Inc.*, 379 S.C. 386, 398, 665 S.E.2d 222, 228 (Ct. App. 2008))).

subject to a two-year statute of limitation."); *id.* ("The limitations period begins when the alleged defamatory statement is made, not when the plaintiff learns of the statement.").

**AFFIRMED.**[2]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.