**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas F. True, III, Individually and as Trustee of Jate IV Trust, Appellant,

v.

William L. Tuorto, Respondent.

Appellate Case No. 2019-001443

───────────

Appeal From Charleston County
William H. Seals, Jr., Circuit Court Judge

───────────

Unpublished Opinion No. 2022-UP-278
Submitted June 1, 2022 – Filed June 29, 2022

───────────

**AFFIRMED**

───────────

Peter H. Rosenthal, of Weymouth, MA, for Appellant.

Robert J. Wyndham, of Wyndham Law Firm, LLC, of Charleston, for Respondent.

───────────

**PER CURIAM:** This case arises over a disagreement concerning the lease of a house. Thomas F. True, III, individually and as trustee of the Jate IV trust, appeals the grant of summary judgment for William L. Tuorto. True argues the trial court erred in granting summary judgment (1) prematurely, which denied him the right to full and fair discovery, (2) on collateral estoppel, and (3) because of his claims

for unjust enrichment, breach of contract, and conversion.  He also argues the court erred denying his motion for reconsideration and in invoking the parol evidence rule.  We affirm pursuant to Rule 220(b), SCACR.

1.      We find the trial court did not deny True the right to full and fair discovery by prematurely granting summary judgment.  First, True did not demonstrate that further discovery would likely uncover additional relevant evidence.  *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("Summary judgment is a drastic remedy and must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *id.* ("Nonetheless, the nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition."'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))); *Savannah Bank, N.A. v. Stalliard*, 400 S.C. 246, 253, 734 S.E.2d 161, 165 (2012) (finding the appellant had ample time during discovery to uncover evidence and speak with any potential witnesses, and if the appellant believed he did not have sufficient time, the appellant should have promptly filed a motion seeking additional discovery time instead of waiting until after the bank filed a summary judgment motion).  Second, True did not give a reason why almost two years was not enough time for him to conduct discovery in this case.  *See Middleborough Horizontal Prop. Regime Council of Co-Owners v. Montedison S.p.A.*, 320 S.C. 470, 479-80, 465 S.E.2d 765, 771 (Ct. App. 1995) (affirming summary judgment where the appellants "advance[d] no good reason why four months was insufficient time under the facts of this case to develop documentation in opposition to the motion for summary judgment").

2.      We find the trial court did not err in granting summary judgment based on collateral estoppel because the issue decided in the previous magistrate court action is the same as in this action.  The magistrate's order states Tuorto successfully defended the Trust's claims that Tuorto failed to pay the required amount of rent under the revised lease and that finding was not contested.  Further, the magistrate concluded the revised lease was a valid and enforceable contract.  Therefore, collateral estoppel bars True from relitigating these issues.  *See Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009) ("Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same."); *id.* ("The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment."); *Snavely v. AMISUB of*

*S.C., Inc.*, 379 S.C. 386, 398, 665 S.E.2d 222, 228 (Ct. App. 2008) ("While the traditional use of collateral estoppel required mutuality of parties to bar relitigation, modern courts recognize the mutuality requirement is not necessary for the application of collateral estoppel where the party against whom estoppel is asserted had a full and fair opportunity to previously litigate the issues.").

3.     We find the collateral estoppel issue is dispositive of True's remaining issues, and we need not address them. *See Hagood v. Sommerville*, 362 S.C. 191, 199, 607 S.E.2d 707, 711 (2005) (declining to address an issue when the resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.