**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Harbin, Appellant,

v.

April Blair, Tracy Dunn, HUB Enterprises, Inc., Shawn Conway, Gallivan, White & Boyd, Sam Nikopoulos, and John Doe, Respondents.

Appellate Case No. 2020-000421

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2022-UP-302
Submitted June 1, 2022 – Filed July 20, 2022

**AFFIRMED**

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellant.

Alfred Johnston Cox and Jessica Waller Laffitte, both of Gallivan, White & Boyd, PA, of Columbia; Samuel W. Outten, of Nelson Mullins Riley & Scarborough, LLP, of Greenville, and Katie Elizabeth Towery, of Littler Mendelson, PC, of Greenville, all for Respondents Gallivan, White & Boyd and Sam Nikopoulos.

Steven James Pugh and Robert Wilder Harte, both of Richardson Plowden & Robinson, PA, of Columbia, for Respondents HUB Enterprises, Inc. and Shawn Conway.

James P. Walsh, of Clarkson, Walsh & Coulter, P.A., of Greenville, for Respondent April Blair.

————————

**PER CURIAM:**  John Harbin appeals the circuit court's orders (1) dismissing his claims for tortious interference with contractual relations against HUB Enterprises, Inc. and its employee Shawn Conway, Gallivan, White & Boyd and its employee Sam Nikopoulos, and April Blair (collectively, Respondents); and (2) granting sanctions to Gallivan, White & Boyd and Nikopoulos.  On appeal, Harbin argues (1) Respondents' action in a previous personal injury action impaired his counsel's performance of his legal duties, breaching the attorney-client relationship, and (2) his claim did not satisfy the elements of the South Carolina Frivolous Proceedings Sanctions Act.[1]  We affirm.[2]

1.  The circuit court did not err in granting Respondents' motions to dismiss as Harbin failed to allege a breach in the contractual relationship between him and his attorney.  *See Eldeco, Inc. v. Charleston Cnty. Sch. Dist.*, 372 S.C. 470, 480, 642 S.E.2d 726, 731 (2007) (stating the elements of a tortious interference with contractual relations claim are: "1) the existence of a contract; 2) knowledge of the contract; 3) intentional procurement of its breach; 4) the absence of justification; and 5) resulting damages"); *id.* at 481, 642 S.E.2d at 732 ("An essential element to the cause of action for tortious interference with contractual relations requires the intentional procurement of the contract's breach."); *id.* ("Where there is no breach of the contract, there can be no recovery."); *Hendricks v. Clemson Univ.*, 339 S.C. 552, 565, 529 S.E.2d 293, 300 (Ct. App. 2000) (stating a breach of contract occurs when a party fails to honor an identifiable contractual promise), *rev'd on other grounds*, 353 S.C. 449, 578 S.E.2d 711 (2003).

2.  The circuit court did not err in granting Gallivan, White & Boyd and Nikopoulos' motion for sanctions because a reasonable attorney would believe Harbin's attorney's arguments were clearly not warranted under existing law.  The

---

[1] S.C. Code Ann. §§ 15-36-10, -100 (Supp. 2021).

[2] This court has jurisdiction over all of the trial court's orders through Harbin's timely appeal following the circuit court's orders granting Blair's motion to dismiss.

filing of this action was an improper attempt to relitigate the personal injury action as the trial court in the personal injury action considered and rejected the same factual allegations of wrongdoing that Harbin raised in this action when it denied Harbin's motion for reconsideration and motion to vacate. *See* S.C. Code Ann. § 15-36-10(A)(4)(a)(ii) (Supp. 2021) (holding an attorney in a civil action may be sanctioned for "filing a frivolous pleading, motion, or document if: . . . a reasonable attorney in the same circumstances would believe that under the facts, his claim or defense was clearly not warranted under existing law"); S.C. Code Ann. § 15-36-10(A)(4)(b) (Supp. 2021) (stating an attorney may be sanctioned for "making frivolous arguments a reasonable attorney would believe were not reasonably supported by the facts"); S.C. Code Ann. § 15-36-10(B)(2) (Supp. 2021) (stating that if "an attorney or pro se litigant has violated subsection (A)(4), the court, upon its own motion or motion of a party, may impose upon the person in violation any sanction which the court considers just, equitable, and proper under the circumstances"); *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009) ("Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same."). Harbin's arguments concerning the timeliness of the motion for sanctions, the amount of the sanctions, and unclean hands are not preserved because they were raised for the first time on appeal. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."). Harbin's argument concerning the timeliness of the motion for sanctions does not involve jurisdiction because the circuit court had jurisdiction over the case when Gallivan, White, and Boyd and Nikopoulos filed the motion. *See Russell v. Wachovia Bank, N.A.*, 370 S.C. 5, 20, 633 S.E.2d 722, 730 (2006) ("Generally, a trial judge loses jurisdiction over a case when the time to file post-trial motions has elapsed." (footnote omitted)).

**AFFIRMED.**[3]

**THOMAS, KONDUROS, and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.