**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

George H. Brock, Appellant,

v.

Kris Langville, Individually, and d/b/a Preferred Paralegals, LLC; Donna Carlson; Jeremy Marsh, Individually, and d/b/a The Techknow Dude, LLC; and Katherine Jernigan, Defendants,

Of Which Kris Langville, Individually, and d/b/a Preferred Paralegals, LLC; Donna Carlson; and Katherine Jernigan are the Respondents.

Appellate Case No. 2019-001707

————————

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

————————

Unpublished Opinion No. 2023-UP-025
Submitted October 3, 2022 – Filed January 25, 2023

————————

**AFFIRMED**

————————

Jacob Michael Hughes, of Svalina Law Firm, PA, of Beaufort, for Appellant.

Kenneth Edward Norsworthy, Jr., of Norsworthy Law, Ltd. Co., of Greer, for Respondents.

**PER CURIAM:**  George Brock appeals the circuit court's order dismissing his civil conspiracy action against Kris Langville, Donna Carlson, and Katherine Jernigan (collectively, Respondents) pursuant to Rule 12(b)(7), SCRCP.  We affirm.

## FACTS/PROCEDURAL HISTORY

In 2016, Ron Johnson sued his former employer George Brock for breach of contract in relation to unpaid wages (2016 case).[1]  Brock counterclaimed against Johnson for intentional interference with a business opportunity, alleging Johnson acted with Respondents to interfere with the sale of his accounting practice.  Respondents, who are former employees at Brock's accounting practice, testified against him.  The jury found in favor of Johnson on his breach of contract action and did not find in favor of Brock on his counterclaim.  Before trial, Brock requested consent from Johnson's counsel to join Respondents in the 2016 case.  Brock's 2016 counsel stated in an email to opposing counsel "it now appears that [Respondents] may well have actionable involvement, as joint tort feasors and/or co-conspirators."  Brock states in his brief "for whatever reason, this request was denied."  Brock did not further pursue the request to join Respondents.

In 2018, Brock sued Respondents for civil conspiracy (2018 case).  Brock alleged Respondents and Johnson harmed his accounting practice by conspiring to steal tax software, access his private email and correspondence, publish confidential information related to his business, and file a lawsuit against him.[2]  Among other defenses in their answer and counterclaims, Respondents asserted the doctrines of issue preclusion and collateral estoppel barred Brock's claim.  Respondents stated Brock's suit was "essentially an identical lawsuit to his suit against Ron Johnson, for which an adjudication on the merits of the case occurred."

Respondents filed a motion to dismiss the 2018 case, and the circuit court held two hearings on the motion.  Respondents argued Brock should have joined

[1] The transcript, pleadings, and verdict form from the 2016 case are not included in the record on appeal.  Respondent's counsel read parts of the 2016 trial transcript and deposition testimony to the circuit court at the hearings for the 2018 case and included excerpts of the trial transcript and deposition testimony in the memoranda in support of the motion to dismiss the 2018 case.

[2] Johnson is not named as a defendant in the 2018 case.

Respondents in the 2016 case under Rule 19, SCRCP, and stated the suit was barred by collateral estoppel because Brock's "entire complaint is almost identical to the claims brought factually in the [2016 case]." Respondents' counsel read multiple excerpts from Brock's deposition and trial testimony in the 2016 case in which he claimed his staff was conspiring against him by reading his emails, drafting a complaint against him, and spying on his computer.[3]

The circuit court dismissed Brock's complaint with prejudice pursuant to Rule 12(b)(7), SCRCP, finding Brock "failed to properly join [Respondents] in his previous action pursuant to Rule 19, SCRCP."

## ISSUE ON APPEAL

Did the circuit court err in dismissing Brock's civil conspiracy claim against Respondents?

## STANDARD OF REVIEW

"The question of whether to allow a stranger to use offensive collateral estoppel so as to bar a party from relitigating an issue in a subsequent action is one addressed to the broad discretion of the trial judge." *Roberts v. Recovery Bureau, Inc.*, 316 S.C. 492, 497, 450 S.E.2d 616, 619–620 (Ct. App. 1994). Such a decision is reviewed under an abuse of discretion standard. *Id.*

## LAW/ANALYSIS

Brock argues it was not proper for the circuit court to consider the 2016 case in relation to a Rule 12(b)(7) motion because the motion was not made in the 2016 case and was therefore waived. While we agree that the 2018 circuit court could not rule on a motion that was never made in the 2016 case,[4] we interpret the circuit court's order as one involving collateral estoppel, and it should, therefore, be affirmed. *See Moorhead v. First Piedmont Bank and Trust Co.*, 273 S.C. 356, 360, 256 S.E.2d 414, 416 (1979) ("No principle in the disposition of appeals is more

---

[3] Brock argues he did not sue Respondents for civil conspiracy in 2016 because his 2016 counsel was unaware of the existence of a conspiracy until late in the 2016 trial. However, Brock's statements in his pre-trial depositions refute this argument.
[4] *See Kiriakides v. Atlas Food Sys. & Servs. Inc.*, 343 S.C. 587, 596, 541 S.E.2d 257, 262 (2001) (noting the defense of failure to join indispensable parties is waived if not raised at trial).

firmly established then that a right decision upon a wrong ground will be affirmed." (quoting *Foster v. Taylor*, 210 S.C. 324, 329, 42 S.E.2d 531, 534 (1947))).

"Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same." *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009). "The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Id.* "The doctrine of collateral estoppel, or issue preclusion, . . . rests generally on equitable principles." *Town of Sullivan's Island v. Felger*, 318 S.C. 340, 344, 457 S.E.2d 626, 628 (Ct. App. 1995).

Although Respondents were not parties in the 2016 action, collateral estoppel can still apply. "While the traditional use of collateral estoppel required mutuality of parties to bar relitigation, modern courts recognize the mutuality requirement is not necessary for the application of collateral estoppel where the party against whom estoppel is asserted had a full and fair opportunity to previously litigate the issues." *Carolina Renewal, Inc.*, 385 S.C. at 554, 684 S.E.2d at 782 (quoting *Snavely v. AMISUB of S.C., Inc.*, 379 S.C. 386, 398, 665 S.E.2d 222, 228 (Ct. App. 2008)).

The record reveals the issue in the 2018 case was actually litigated in the 2016 case, directly determined, and necessary to support the 2016 judgment. Indeed, it appears Respondents' actions with Johnson were the cornerstone of Brock's theory of intentional interference with a business opportunity in the 2016 case. Brock claimed, in 2016, that Respondents were conspiring with Johnson to sue him, spy on him, and "hurt" him. The factual allegations underpinning the 2016 case appear to be identical to those made in the 2018 case. In the 2016 case, Brock testified Johnson acted in conspiracy with each of the Respondents using various methods to interfere with the sale of his accounting practice. Brock makes that identical claim against Respondents in the 2018 case under the guise of civil conspiracy.

Although there was not a jury verdict in relation to civil conspiracy in 2016, the issue was directly determined. After consultation with the trial court, Brock decided to drop all counterclaims except interference with a business opportunity. Respondents' current counsel was counsel for Johnson in the 2016 case, and he stated to the 2018 circuit court:

> We went in chambers after the jury was let out before closing arguments. And [the judge] said, I don't think these claims of [plaintiff] are going to survive, and I don't think these claims of [defendant] are going to survive. I haven't heard enough evidence to let those go forward on charges. And they volunteered to drop them. And we volunteered to drop everything but our breach of contract claim. I mean, it was . . . all tried.

Further, Brock attempted to add Respondents as third-party defendants, but failed to sufficiently do so.[5] This demonstrates he had an opportunity to fully and fairly litigate the issue of civil conspiracy in the 2016 case.

Brock argues Respondents were permissive, not indispensable, parties to the 2016 case because the case "involved Johnson's alleged intentional interference with a business opportunity by publishing confidential company information in his lawsuit against Brock." Brock argues he had no obligation to sue Respondents in the 2016 case. We disagree. As noted above, the issues in the 2016 and 2018 cases are based on the same occurrences. Brock failed to join Respondents in the 2016 action by raising a counterclaim against them. Therefore, he is barred from bringing an action against them now. *See First-Citizens Bank & Tr. Co. of S.C. v. Hucks*, 305 S.C. 296, 298, 408 S.E.2d 222, 223 (1991) ("By definition, a counterclaim is compulsory only if it arises out of the same transaction or occurrence as the opposing party's claim."); *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 62, 566 S.E.2d 863, 865 (Ct. App. 2002) ("If a compulsory counterclaim is not raised in the first action, a defendant is precluded from asserting the claim in a subsequent action.").

Accordingly, the order of the circuit court is

**AFFIRMED.**[6]

**WILLIAMS, C.J., and THOMAS, J., and LOCKEMY, A.J., concur.**

---

[5] Brock's counsel on appeal was not involved in the 2016 case.
[6] We decide this case without oral argument pursuant to Rule 215, SCACR.