**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael E. Williams, Respondent,

v.

Raymond Arnold a/k/a Raymond Arnold, Jr., Appellant.

Appellate Case No. 2021-000880

———————

Appeal From Spartanburg County
Gordon Grover Cooper, Master-in-Equity
Shannon Metz Phillips, Master-in-Equity

———————

Unpublished Opinion No. 2023-UP-040
Submitted January 1, 2023 – Filed February 1, 2023

———————

**AFFIRMED**

———————

Jeffrey T. Spell, of Charleston, for Appellant.

Richard H. Rhodes and William Hardwick Rhodes, both
of Burts Turner & Rhodes, of Spartanburg, for
Respondent.

———————

**PER CURIAM:** Raymond Arnold, Jr., appeals the orders of the masters-in-equity denying his motion to alter or amend the judgment and quieting title to property in favor of Michael Williams. On appeal, Arnold argues the masters erred by refusing to allow him to dispute the tax sale resulting in Williams's acquisition of

the subject property. The masters found Arnold raised the issue in a prior action in which Williams was a named defendant and subsequently dismissed the action with prejudice as to all defendants. The masters held that Arnold was collaterally estopped from raising the issue in the present action. Arnold argues collateral estoppel was inapplicable because no issues were litigated or decided in the prior action. We affirm pursuant to Rule 220(b), SCACR.

We hold the masters correctly held Arnold was precluded by collateral estoppel from presenting evidence on the validity of the tax sale of the subject property because he had a full and fair opportunity to litigate the issue of the validity of the tax sale in his prior action against Williams, but then agreed to dismiss all claims as to all defendants in that case. *See Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009) ("Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same."); *id.* ("The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment."); *Snavely v. AMISUB of S.C., Inc.*, 379 S.C. 386, 398, 665 S.E.2d 222, 228 (Ct. App. 2008) ("[T]he primary concern of our courts in applying collateral estoppel is not whether the parties satisfy the mutuality requirement, but whether a potentially precluded party had a full and fair opportunity to litigate the issues in a prior action."); *Nunnery v. Brantley Constr. Co.*, 289 S.C. 205, 209, 345 S.E.2d 740, 743 (Ct. App. 1986) ("A dismissal 'with prejudice' indicates an adjudication on the merits and, operating as *res judicata*, precludes subsequent litigation to the same extent as if the action had been tried to a final adjudication."); *Laughon v. O'Braitis*, 360 S.C. 520, 527, 602 S.E.2d 108, 111 (Ct. App. 2004) ("In a subsequent action involving the same subject matter, the dismissal finally settles all matters litigated in the earlier proceedings, and all matters which might have been litigated therein.").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.