**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The School of Hope Christian Academy, Jacqueline McKie Burden, and Eugene Burden, Sr., Appellants,

v.

South Carolina Department of Education, Ronald Jones, and Shirley Jenerette, Respondents.

Appellate Case No. 2023-000500

———————

Appeal From Richland County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-011
Submitted November 3, 2025 – Filed January 14, 2026

———————

**AFFIRMED**

———————

William Michael Duncan, of Duncan and Heydary Law, PLLC, of Greensboro, North Carolina, for Appellants.

Albert R. Pierce, Jr., of Howser Newman & Besley, LLC, of Columbia, for Respondent Ronald Jones.

Vordman Carlisle Traywick, III, and Sarah Cameron Frierson, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia, for Respondent South Carolina Department of Education.

Page McAulay Kalish, of PMK Law, LLC, of Columbia, for Respondent Shirley Jenerette.

_____

**PER CURIAM:** The School of Hope Christian Academy (School of Hope), Jacqueline Burden, and Eugene Burden, Sr. (collectively, the Burdens), appeal the circuit court's order granting summary judgment to South Carolina Department of Education (SCDE), Ronald Jones, and Shirley Jenerette. School of Hope and the Burdens argue the circuit court erred in applying the law-of-the-case doctrine and collateral estoppel to their claims. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

We hold the circuit court did not err in granting summary judgment because School of Hope's claims are barred by collateral estoppel. *Carolina Renewal, Inc. v. S.C. Dep't. of Transp.*, 385 S.C. 550, 556, 684 S.E.2d 779, 783 (Ct. App. 2009) (stating "collateral estoppel prevents the relitigation of *issues*, not claims, necessarily determined in a former proceeding regardless of whether the identity of the causes of action in successive lawsuits are the same"); *Crosby v. Prysmian Comm. Cables and Sys., LLC*, 397 S.C. 101, 108, 723 S.E.2d 813, 817 (Ct. App. 2012) ("Our courts have applied the doctrine of issue preclusion to factual determinations of administrative tribunals."); *see also Bennett v. S.C. Dep't. of Corrs.*, 305 S.C. 310, 312, 408 S.E.2d 230, 231 (1991) ("This [c]ourt has repeatedly held that, under the doctrines of *res judicata* and collateral estoppel, the decision of an administrative tribunal precludes the relitigation of the issues addressed by that tribunal in a collateral action."); *Crosby*, 397 S.C. at 109, 723 S.E.2d at 817 ("A party claiming preclusive effect under collateral estoppel must demonstrate that the particular issue was '(1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment.'" (quoting *Carolina Renewal*, 385 S.C. at 554, 684 S.E.2d at 782)); *Carolina Renewal*, 385 S.C. at 555, 684 S.E.2d at 782 (noting that "mutuality is no longer a requirement of collateral estoppel" and "the identity of the parties, and their relationships to one another, is simply not a concern when deciding whether to apply the doctrine of collateral estoppel" (first quoting *Doe v. Doe*, 346 S.C. 145, 149, 551 S.E.2d 257, 259 (2001))). School of Hope was afforded a full and fair opportunity to present evidence related to the issues of breach of contract, defamation, and civil conspiracy in the prior administrative action. In that action, the hearing officer heard four days of testimony from seventeen witnesses. The hearing officer issued an extremely thorough Final Order, finding: (1) School of Hope breached the contract with SCDE; (2) the alleged defamatory statements

were true; and (3) School of Hope's breach of contract led to their damages, not some conspiracy. As for the breach of contract issue, the hearing officer found that SCDE terminated the contract and imposed penalties because School of Hope failed to comply with duties required by federal regulations and its contract with SCDE. The defamation claim relied on three statements all related to the Burdens' management and mishandling of funds. Because the hearing officer concluded School of Hope's records were not properly maintained and the reimbursement requests were lacking due to the Burdens' own actions, the alleged statements are true and cannot be defamatory. *Ross v. Columbia Newspapers, Inc.*, 266 S.C. 75, 80, 221 S.E.2d 770, 772 (1976) ("The truth of the matter published is, of course, a complete defense to an action based on defamation."). School of Hope alleges Jenerette, Jones, and others conspired to interfere with payment of grant money to School of Hope. However, the hearing officer concluded that there was no sabotage to the program and any deficiencies were a result of the Burdens' lack of control over the program. Therefore, School of Hope's and the Burdens' claims are precluded by collateral estoppel because the issues were actually litigated, directly determined, and necessary to support the judgment entered by the hearing officer.[1] *Crosby*, 397 S.C. at 109-10, 723 S.E.2d at 817 (holding the elements of collateral estoppel were met when the parties had a "full and fair opportunity to litigate the issue[s]" and "the parties [were] entitled to present witnesses and other evidence, make factual and legal arguments, and appeal a ruling they contend was made in error").

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] Because we find the issue of collateral estoppel dispositive, we decline to reach the other issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.